Scott Alan Burroughs (SBN 235718)
scott@donigerlawfirm.com
Trevor W. Barrett (SBN 235718)
tbarrett@donigerlawfirm.com
Frank Trechsel (SBN 312199)
ftrechsel@donigerlawfim.com
Benjamin F. Tookey
btookey@donigerlawfirm.com
DONIGER / BURROUGHS
603 Rose Avenue
Venice, California 90291
Telephone: (310) 590-1820

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ART RECORDS, LLC, a Delaware limited liability company, | Case No.: |
| | **COMPLAINT FOR:** |
| Plaintiffs, | |
| | 1. COPYRIGHT INFRINGEMENT |
| v. | 2. VICARIOUS AND/OR CONTRIBUTORY COPYRIGHT INFRINGEMENT |
| YOUTUBE, LLC, a Delaware limited liability company; GOOGLE, LLC, a Delaware limited liability company; BELIEVE, a French corporation; MEYPOM MUZIK YAPIM AS, a Turkish entity form unknown; SAHIN OZER MUZIK YAPIM VE TIC. A.S., a Turkish entity form unknown; SONER MUZIK, a Turkish entity form unknown; AVRUPA MUZIK, a Turkish entity form unknown; ODEON MUZIK, a Turkish entity form unknown; SUPER MUZIK, a Turkish entity form unknown; BONUS MUZIK, a Turkish entity form unknown; TEMPA-FONEKS, a Turkish entity form unknown; ANADOLU MUZIK YAPIM, a Turkish entity form unknown; KALITE MUZIK URETIM VE | **JURY TRIAL DEMANDED** |

TIC. LTD. STI., a Turkish entity form unknown; NETD MUZIK VIDEO DIJITAL PLAFORM A.S., a Turkish entity form unknown; EMRE GRAFSON MUZIK, a Turkish entity form unknown; DOGAN MUZIK YAPIM, a Turkish entity form unknown; PASAJ MUZIK, a Turkish entity form unknown; OSSI MUZIK, a Turkish entity form known; ORCHARD MEDIA, INC., a Delaware corporation; POLL PRODUCTION, a Turkish entity form unknown; ONCU MUZIK, a Turkish entity form unknown; SONY (TURKIYE) MUZIK VE SANAT A.S., a Turkish entity form unknown; ULUS MUZIK SAN, a Turkish entity form unknown; A1 MUSIC PRODUCTION INDUSTRY TRADE LIMITED COMPANY, a Turkish entity form unknown; 1 MUSIC DISTRIBUTION GROUP OF COMPANIES, a Turkish entity form unknown; OZER KARDES KASET, a Turkish entity form unknown; UNIVERSAL MUSIC TURKEY, a Turkish corporation; EMI – KEN ELEKTRONIK SANAYI VE TICARET A.S., a Turkish entity form unknown; and DOES 1-10,

Defendants.

Plaintiff Art Records, LLC by and through their undersigned attorneys, hereby pray to this honorable Court for relief based on the following:

### Jurisdiction & Venue

1. This action arises under the Copyright Act of 1976, 17 U.S.C. §§ 101, *et seq.*

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a) and (b), & 1367(a).

3. Venue in this judicial district is proper under 28 U.S.C. § 1391 (c) and § 1400(a).

### Parties

4. At all times mentioned herein, Plaintiff Art Records, LLC ("Art Records") are a limited liability company registered in Delaware and operating in California. Art Records has suffered damages from each Defendant's conduct in this district.

5. At all timed mentioned herein, Plaintiff is informed and believes and thereon alleges that Defendant Youtube, LLC ("Youtube"), is a Delaware limited liability company with is principal place of business at 901 Cherry Avenue, San Burno, California 94066 as well as 340 Main Street, Santa Monica, CA 90291. In 2006, Youtube was purchased by Google and since that purchase Youtube has operated as a wholly owned and controlled subsidiary of Google. At all times relevant to this Complaint, the website Youtube.com was operated and controlled by either or both of Youtube, LLC and Google LLC. From time to time, Youtube conducts business as Google. For example, Youtube's support documentation is hosted on "support.google.com."

6. At all timed mentioned herein, Plaintiff is informed and believes and thereon alleges that Defendant Google LLC ("Google") is a Delaware limited liability company with its principal place of business at 1600 Amphitheatre Parkway, Mountain View, California 94043 and 340 Main Street, Santa Monica, CA 90291. Since 2006, Google has wholly owned and controlled Youtube. For

example, Youtube and Google share user data for their respective websites, Youtube.com and google.com, in order to create new content and personalized advertisements on both sites.

7. At all timed mentioned herein, Plaintiff is informed and believes and thereon alleges that Believe ("Believe") is a French corporation who conducts business in and with the state of California and this district and contracted to supply good or services in California in connection with the matters giving rise to this suit. Believe has also committed copyright infringement causing injury to Plaintiff in California. Believe regularly solicits and does business in California through Youtube and derive substantial revenue from its contacts with California and Youtube which is located in California.

8. At all timed mentioned herein, Plaintiff is informed and believes and thereon alleges that Meypom Muzik Yapim AS ("Meypom") is a Turkish entity who conducts business in and with the state of California and this district and contracted to supply good or services in California in connection with the matters giving rise to this suit. Meypom has also committed copyright infringement causing injury to Plaintiff in California. Meypom regularly solicits and does business in California through Youtube and derive substantial revenue from its contacts with California and Youtube which is located in California.

9. At all timed mentioned herein, Plaintiff is informed and believes and thereon alleges that Sahin Ozer Muzik Yapim Ve TIC. A.S. ("Sahin") is a Turkish entity who conducts business in and with the state of California and this district and contracted to supply good or services in California in connection with the matters giving rise to this suit. Sahin has also committed copyright infringement causing injury to Plaintiff in California. Sahin regularly solicits and does business in California through Youtube and derive substantial revenue from its contacts with California and Youtube which is located in California.

10. At all timed mentioned herein, Plaintiff is informed and believes and thereon alleges that Soner Muzik ("Soner") is a Turkish entity who conducts

business in and with the state of California and this district and contracted to supply good or services in California in connection with the matters giving rise to this suit. Soner has also committed copyright infringement causing injury to Plaintiff in California. Soner regularly solicits and does business in California through Youtube and derive substantial revenue from its contacts with California and Youtube which is located in California.

11.     At all timed mentioned herein, Plaintiff is informed and believes and thereon alleges that Avrupa Muzik ("Avrupa") is a Turkish entity who conducts business in and with the state of California and this district and contracted to supply good or services in California in connection with the matters giving rise to this suit. Avrupa has also committed copyright infringement causing injury to Plaintiff in California. Avrupa regularly solicits and does business in California through Youtube and derive substantial revenue from its contacts with California and Youtube which is located in California.

12.     At all timed mentioned herein, Plaintiff is informed and believes and thereon alleges that Odeon Muzik ("Odeon") is a Turkish entity who conducts business in and with the state of California and this district and contracted to supply good or services in California in connection with the matters giving rise to this suit. Odeon has also committed copyright infringement causing injury to Plaintiff in California. Odeon regularly solicits and does business in California through Youtube and derive substantial revenue from its contacts with California and Youtube which is located in California.

13.     At all timed mentioned herein, Plaintiff is informed and believes and thereon alleges that Super Muzik ("Super") is a Turkish entity who conducts business in and with the state of California and this district and contracted to supply good or services in California in connection with the matters giving rise to this suit. Super has also committed copyright infringement causing injury to Plaintiff in California. Super regularly solicits and does business in California

through Youtube and derive substantial revenue from its contacts with California and Youtube which is located in California.

14.     At all timed mentioned herein, Plaintiff is informed and believes and thereon alleges that Bonus Muzik ("Bonus") is a Turkish entity who conducts business in and with the state of California and this district and contracted to supply good or services in California in connection with the matters giving rise to this suit. Bonus has also committed copyright infringement causing injury to Plaintiff in California. Bonus regularly solicits and does business in California through Youtube and derive substantial revenue from its contacts with California and Youtube which is located in California.

15.     At all timed mentioned herein, Plaintiff is informed and believes and thereon alleges that Tempa-Foneks ("Tempa") is a Turkish entity who conducts business in and with the state of California and this district and contracted to supply good or services in California in connection with the matters giving rise to this suit. Tempa has also committed copyright infringement causing injury to Plaintiff in California. Tempa regularly solicits and does business in California through Youtube and derive substantial revenue from its contacts with California and Youtube which is located in California.

16.     At all timed mentioned herein, Plaintiff is informed and believes and thereon alleges that Anadolu Muzik Yapim ("Anadolu") is a Turkish entity who conducts business in and with the state of California and this district and contracted to supply good or services in California in connection with the matters giving rise to this suit. Anadolu has also committed copyright infringement causing injury to Plaintiff in California. Anadolu regularly solicits and does business in California through Youtube and derive substantial revenue from its contacts with California and Youtube which is located in California.

17.     At all timed mentioned herein, Plaintiff is informed and believes and thereon alleges that Kalite Muzik Uretim Ve TIC. LTD. STI. ("Kalite") is a Turkish entity who conducts business in and with the state of California and this

district and contracted to supply good or services in California in connection with the matters giving rise to this suit. Kalite has also committed copyright infringement causing injury to Plaintiff in California. Kalite regularly solicits and does business in California through Youtube and derive substantial revenue from its contacts with California and Youtube which is located in California.

18.    At all timed mentioned herein, Plaintiff is informed and believes and thereon alleges that NetD Muzik Video Dijital Plaform A.S. ("NetD") is a Turkish entity who conducts business in and with the state of California and this district and contracted to supply good or services in California in connection with the matters giving rise to this suit. NetD has also committed copyright infringement causing injury to Plaintiff in California. NetD regularly solicits and does business in California through Youtube and derive substantial revenue from its contacts with California and Youtube which is located in California.

19.    At all timed mentioned herein, Plaintiff is informed and believes and thereon alleges that Emre Grafson Muzik ("Emre") is a Turkish entity who conducts business in and with the state of California and this district and contracted to supply good or services in California in connection with the matters giving rise to this suit. Emre has also committed copyright infringement causing injury to Plaintiff in California. Emre regularly solicits and does business in California through Youtube and derive substantial revenue from its contacts with California and Youtube which is located in California.

20.    At all timed mentioned herein, Plaintiff is informed and believes and thereon alleges that Dogan Muzik Yapim ("Dogan") is a Turkish entity who conducts business in and with the state of California and this district and contracted to supply good or services in California in connection with the matters giving rise to this suit. Dogan has also committed copyright infringement causing injury to Plaintiff in California. Dogan regularly solicits and does business in California through Youtube and derive substantial revenue from its contacts with California and Youtube which is located in California.

21.     At all timed mentioned herein, Plaintiff is informed and believes and thereon alleges that Pasaj Muzik ("Pasaj") is a Turkish entity who conducts business in and with the state of California and this district and contracted to supply good or services in California in connection with the matters giving rise to this suit. Pasaj has also committed copyright infringement causing injury to Plaintiff in California. Pasaj regularly solicits and does business in California through Youtube and derive substantial revenue from its contacts with California and Youtube which is located in California.

22.     At all timed mentioned herein, Plaintiff is informed and believes and thereon alleges that Ossi Muzik ("Ossi") is a Turkish entity who conducts business in and with the state of California and this district and contracted to supply good or services in California in connection with the matters giving rise to this suit. Ossi has also committed copyright infringement causing injury to Plaintiff in California. Ossi regularly solicits and does business in California through Youtube and derive substantial revenue from its contacts with California and Youtube which is located in California.

23.     At all timed mentioned herein, Plaintiff is informed and believes and thereon alleges that Orchard Media Inc. ("Orchard") is a Delaware corporation who conducts business in and with the state of California and this district and contracted to supply good or services in California in connection with the matters giving rise to this suit. Orchard has offices and employees located in Los Angeles, California. Orchard has also committed copyright infringement causing injury to Plaintiff in California. Orchard regularly solicits and does business in California through Youtube and derive substantial revenue from its contacts with California and Youtube which is located in California.

24.     At all timed mentioned herein, Plaintiff is informed and believes and thereon alleges that Poll Production ("Poll") is a Turkish entity who conducts business in and with the state of California and this district and contracted to supply good or services in California in connection with the matters giving rise to

1 this suit. Poll has also committed copyright infringement causing injury to
2 Plaintiff in California. Poll regularly solicits and does business in California
3 through Youtube and derive substantial revenue from its contacts with California
4 and Youtube which is located in California.

5       25.    At all timed mentioned herein, Plaintiff is informed and believes and
6 thereon alleges that Oncu Muzik ("Oncu") is a Turkish entity who conducts
7 business in and with the state of California and this district and contracted to
8 supply good or services in California in connection with the matters giving rise to
9 this suit. Oncu has also committed copyright infringement causing injury to
10 Plaintiff in California. Oncu regularly solicits and does business in California
11 through Youtube and derive substantial revenue from its contacts with California
12 and Youtube which is located in California.

13       26.    At all timed mentioned herein, Plaintiff is informed and believes and
14 thereon alleges that Sony (Turkiye) Muzik Ve Sanat A.S. ("Sony") is a Turkish
15 entity who conducts business in and with the state of California and this district
16 and contracted to supply good or services in California in connection with the
17 matters giving rise to this suit. Sony has also committed copyright infringement
18 causing injury to Plaintiff in California. Sony regularly solicits and does business
19 in California through Youtube and derive substantial revenue from its contacts
20 with California and Youtube which is located in California.

21       27.    At all timed mentioned herein, Plaintiff is informed and believes and
22 thereon alleges that Ulus Muzik San ("Ulus") is a Turkish entity who conducts
23 business in and with the state of California and this district and contracted to
24 supply good or services in California in connection with the matters giving rise to
25 this suit. Ulus has also committed copyright infringement causing injury to
26 Plaintiff in California. Ulus regularly solicits and does business in California
27 through Youtube and derive substantial revenue from its contacts with California
28 and Youtube which is located in California.

28.    At all timed mentioned herein, Plaintiff is informed and believes and thereon alleges that A1 Music Production Industry Trade Limited Company ("A1 Music") a Turkish entity who conducts business in and with the state of California and this district and contracted to supply good or services in California in connection with the matters giving rise to this suit. A1 Music has also committed copyright infringement causing injury to Plaintiff in California. A1 Music regularly solicit and do business in California through Youtube and derive substantial revenue from its contacts with California and Youtube which is located in California.

29.    At all timed mentioned herein, Plaintiff is informed and believes and thereon alleges that 1 Music Distribution Group Of Companies ("1 Music Distribution") a Turkish entity who conducts business in and with the state of California and this district and contracted to supply good or services in California in connection with the matters giving rise to this suit. 1 Music Distribution has also committed copyright infringement causing injury to Plaintiff in California. 1 Music Distribution regularly solicit and do business in California through Youtube and derive substantial revenue from its contacts with California and Youtube which is located in California. 1 Music Distribution and A1 Music are related entities and conduct business on behalf of and as each other.

30.    At all timed mentioned herein, Plaintiff is informed and believes and thereon alleges that Ozer Kardes Kaset ("Ozer") is a Turkish entity who conducts business in and with the state of California and this district and contracted to supply good or services in California in connection with the matters giving rise to this suit. Ozer has also committed copyright infringement causing injury to Plaintiff in California. Ozer regularly solicits and does business in California through Youtube and derive substantial revenue from its contacts with California and Youtube which is located in California.

31.    At all timed mentioned herein, Plaintiff is informed and believes and thereon alleges that Universal Music Turkey ("Universal") is a Turkish

corporation who conducts business in and with the state of California and this district and contracted to supply good or services in California in connection with the matters giving rise to this suit. Universal has also committed copyright infringement causing injury to Plaintiff in California. Universal regularly solicits and does business in California through Youtube and derive substantial revenue from its contacts with California and Youtube which is located in California.

32.    At all timed mentioned herein, Plaintiff is informed and believes and thereon alleges that EMI – Ken Elektronik Sanayi Ve Ticaret A.S. ("EMI") is a Turkish entity who conducts business in and with the state of California and this district and contracted to supply good or services in California in connection with the matters giving rise to this suit. EMI has also committed copyright infringement causing injury to Plaintiff in California. EMI regularly solicits and does business in California through Youtube and derive substantial revenue from its contacts with California and Youtube which is located in California.

33.    Defendants Does 1 through 10, inclusive, are other parties not yet identified who have infringed Plaintiffs' copyrights, have contributed to the infringement of Plaintiffs' copyrights, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual or otherwise, of Defendants 1 through 20, inclusive, are presently unknown to Plaintiff, which therefore sue said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

34.    Plaintiffs are informed and believes and thereon alleges that at all times relevant here to each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not

limited to, full knowledge of each and every violation of Plaintiffs' rights and the damages to Plaintiffs proximately caused thereby.

35. Art Records submitted to Youtube reports that Defendants, and each of them, respectively, were posting, hosting, and/or distributing unlicensed copyright protected material on the Youtube platform; specifically the Defendants were respectively offering, displaying, presenting, and making available to consumers audio-visual material that infringes Art Record's copyrights in the Subject Songs (defined below).

36. Defendants Believe, Odeon, Tempa-Foneks, Sahin, and Meypom submitted respective counter-notices to Youtube disputing that they were offering and displaying infringing works. Among other things, the respective counter-notices include the required statement "I consent to jurisdiction of the Federal District Court for the district in which my address is located, or if my address is outside of the United States, the judicial district in which Youtube is located, and will accept service of process from the claimant." Because the Subject Songs (defined below) were displayed into this judicial district and harmed Art Records; Youtube and Google maintains active registration with the California Secretary of State, as well as at least one office in this judicial district; and Youtube and Google have initiated numerous lawsuits in this judicial district concerning intellectual property infringement, including copyright infringement, the identified Defendants are subject (and have consented) to jurisdiction in this judicial district.

37. Youtube and Google's copyright agent forwarded Believe, Odeon, Tempa-Foneks, Sahin, and Meypom's respective counter-notices to Art Records and advised Art Records that if it "does not file a lawsuit with respect to the content within 10 days, we will reinstate the content." Accordingly, Art District brings this case.

## Factual Background

38. Plaintiff, Art Records, is a record label and publisher that administers the rights of over 20 Turkish artists (collectively the "Turkish Artists") and a

library of over 1,500 songs. Art Records owns the sound recording and musical composition copyright in its music library via written transfer with the Turkish Artists who originally wrote and recorded the songs in Art Records' library. At issue in this litigation is the unlawful reproduction and display of the majority of Art Records' library on youtube.com by Defendants, and each of them. Attached hereto as **Exhibit A** is a list of the songs at issue ("Subject Songs") with the corresponding URL for where the song appears on youtube.com as well as when Art Records sent a DMCA takedown notice to Youtube for the removal of the copyrighted songs from youtube.com. To date, most if not all of the identified Subject Songs remain unlawfully on Youtube.

39. The Subject Songs are registered with the U.S. Copyright Office and/or were first published abroad, exempting Art Records from the registration requirements set out in 17 U.S.C. Section 411(a) for said songs.

40. Art Records is the sole owner of the exclusive digital rights, artistic performance rights and financial interests in the Subject Songs.

41. Prior to the acts complained of herein, the Subject Songs have been widely published and disseminated to the public through releases as singles and albums in a number of various medium in Turkey and internationally.

42. Upon information and belief, Art Records alleges that Defendants, and each of them, have willfully copied, reproduced, and distributed the Subject Songs for commercial benefit by, without limitation, reproducing the Subject Songs in audio-visual displays and content which were released on youtube.com. Defendants' unauthorized exploitation of the Subject Songs are depicted in **Exhibit A** attached hereto ("Infringing Content") listing the youtube.com URL where the infringing unlawful display of the Infringing Content can be found and the Subject Songs can be heard in their entirety. These listed non-inclusive exemplars of the Infringing Content, which encompasses all uses, in whole or in part, of the Subject Songs by Defendants, and each of them.

43.     On information and belief, both a copy of the entirety of the sound recording and the composition of the Subject Songs are reproduced in the Infringing Content.

44.     On information and belief it is alleged that Defendants, and each of them, distributed, displayed, broadcast, and/or streamed the Infringing Content on platforms like YouTube and distributed it to media outlets with the intent that they further distribute, display, broadcast and stream the Infringing Content.

45.     The digital rights in the some of the Subject Songs have been unfairly used by the Defendants, and each of them, who have unlawfully allowed downloading, streaming, and broadcasting of the Subject Songs and Infringing Content  on the internet and have unfairly earned income and profits from this unlawful exploitation. Since 2011, some artists have filed lawsuits in Turkey against some of the Defendants to end the unfair use, and these lawsuits have resulted in favor of the artists and Art Records. Despite these results in Turkish court, Defendants continue to exploit the songs on digital platforms, recklessly ignoring judicial decisions. Art Records is the sole owner of the digital rights, artistic performance rights and financial interests in the Subject Songs.

46.     Youtube's platform is a hugely successful online multimedia (including videos, audio, graphics, and photos) sharing and social media website. It is the second most visited website after google.com, generates billions of dollars in revenue annually, and has had an unprecedent social impact by influencing popular culture and Internet trends, among other things. However, Youtube and Youtube's platform have been widely criticized for spreading misinformation, violating users' privacy, enabling censorship, endangering child safety and wellbeing, and rampant copyright infringement. Youtube users frequently share and upload content they do not own, and rights holders are left without any means of meaningfully policing the rampant sharing of their works. This case concerns a small part of the widespread infringement of copyrights on Youtube's platform, namely, the infringement of Art Record's copyrights in the Subject Songs.

47.     Users of Youtube's platform who upload content agree to the platform's Terms of Service, including "agree[ing] not to upload anything that infringes on anyone else's rights." Youtube maintains the right and ability to remove IP-infringing content.

48.     If a copyright holder believes that content on Youtube's platform infringes their copyright(s) in their protected work(s), the copyright holder can, *inter alia*, contact Youtube via email at copyright@youtube.com. If a copyright holder does so to submit a claim of copyright infringement, Youtube asks for (1) contact information (of the copyright holder or authorized representative); (2) a description of the copyrighted work(s) allegedly infringed; (3) web addresses ("URLs") of the allegedly infringing content; (4) a declaration; and (5) a signature (collectively, a "Takedown Notice"). These elements are essentially the elements of an effective Takedown Notice under the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. § 512.

49.     Youtube also reserves the right to suspend or terminate a user's access to all or part of Youtube's platform if (a) the user materially or repeatedly breaches Youtube's platform's Terms of Service; (b) Youtube is required to do so to comply with a legal requirement or a court order; or (c) Youtube believes there has been conduct that creates (or could create) liability or harm to any user, third party, itself, or its affiliates.

50.     In this case, Youtube and Google encouraged the other named defendants to upload and claim ownership in the Subject Songs. Despite, being put on notice of this infringement through DMCA takedown notices, the videos remain up for the public to view. The date of the DMCA takedown notices for each of the Infringing Content can be found on **Exhibit A** attached hereto.

51.     To date Youtube has not removed the majority Infringing Content from its website and they remain viewable to the public. In some instances Youtube did remove the content, but only for a very small percentage of the total Infringing Content.

52.     As stated above, Defendants Believe, Odeon, Tempa-Foneks, Sahin, and Meypom have unlawfully supplied counter-notices purporting to own rights in the identified songs in response to Art Record's Takedown Notices for the few Infringing Content Youtube did remove these declarations of rights in the Subject Songs are fraudulent.

53.     Art Records has not in any way authorized Defendants, or any of them, to copy, reproduce, duplicate, disseminate, distribute, create derivative works of, or otherwise exploit the Subject Songs. The Defendants did not contract with Art Records and obtain a license to use the Subject Songs before the exploitation at issue.

## First Claim for Relief

*(For Copyright Infringement—Against all Defendants, and Each)*

54.     Art Records repeats, re-alleges, and incorporates by reference all preceding paragraphs of this Complaint.

55.     Art Records is the sole owner of the digital rights, artistic performance rights and financial interests in the Subject Songs.

56.     The Subject Songs are registered with the U.S. Copyright Office and/or exempt from registration.

57.     The Subject Songs are original compositions and recordings.

58.     Defendants had access to the Subject Songs because the Subject Songs were widely distributed throughout the world.

59.     In addition, Defendants' "sampling" (direct extraction and reproduction of the Subject Songs) establishes access by way of striking similarity, if not virtual identity.

60.     Defendants, and each of them, infringed Art Records' rights in the Subject Songs by sampling the recording of the Subject Songs and reproducing them in the Infringing Content without Art Records' authorization or consent.

61.     Alternatively, Defendants, and each of them, infringed Art Records' rights by making a direct copy of the composition of the Song and using that copy in the Infringing Content without Art Records' authorization or consent.

62.     Art Records is informed and believes and thereon alleges that Defendants have infringed Plaintiffs' rights in the Subject Songs by, without limitation, exploiting them for profit by licensing, or otherwise authorizing third parties to use, reproduce and/or perform the Subject Songs for profit, specifically on Youtube.com.

63.     Art Records is informed and believes and thereon alleges that Defendants have infringed Art Records' rights in the Subject Songs by copying the composition in the Subject Songs and/or sampling the recording of the Subject Songs in the Infringing Content without Plaintiffs' authorization.

64.     Plaintiff is informed and believes and thereon alleges that Defendants have infringed Plaintiffs' rights in the Song by, without limitation, (a) authorizing the reproduction, and distribution of the Subject Songs, through the execution of licenses, and/or actually reproducing digital or electronic copies of Subject Songs through various online sources and applications, including without limitation, through Youtube; (b) streaming and/or authorizing the streaming and/or public performance of the Subject Songs, without limitation, on Youtube.com; and (c) participating in and furthering the aforementioned infringing acts, and/or sharing in the proceeds therefrom, all through substantial use of the Subject Songs in and as part of the Infringing Content, performed in a variety of ways including, but not limited to, audio and video.

65.     Defendants, and each of them, have engaged and continue to engage in the unauthorized reproduction, distribution, public performance, licensing, display, and creation of one or more of the Infringing Content. The foregoing acts infringe Art Records' rights under the Copyright Act. Such exploitation includes, without limitation, Defendants', and each of them, distributing and broadcasting the Infringing Content on youtube.com.

66.     Due to Defendants', and each of their, acts of infringement, Art Records' have suffered actual, general and special damages in an amount to be established at trial, including but not limited a reasonable license fee for Defendants' use of the sample.

67.     Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Art Records' rights in Art Records' copyrighted sound recordings and compositions. As such, Art Records is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringements of their rights in the sound recordings in an amount to be established at trial.

68.     Art Records is informed and believes and now alleges that Defendants, and each of their, conduct as alleged herein was willful, reckless, and/or with knowledge, subjecting Defendants, and each of them, to enhanced statutory damages, claims for costs and attorneys' fees, and/or a preclusion from deducting certain costs when calculating disgorgeable profits.

## Second Claim for Relief

*(For Vicarious and/or Contributory Copyright Infringement—Against all Defendants, and Each)*

69.     Art Records repeats, re-alleges, and incorporates by reference all preceding paragraphs of this Complaint.Youtube has the right and ability to supervise its platform and the content posted thereon, including removing copyright-infringing content. Youtube also has the right and ability to oversee the uses of the Infringing Content on its platform. Accordingly, Youtube is in the best position to remove and prevent copyright-infringing content from its platform.

70.     Youtube has had actual knowledge, and/or has been aware of the facts or circumstances, of the Infringing Content (i.e., specific infringing material on its platform) for each of the Infringing Content on the date Art Records sent their Takedown Notices. The information provided in the Takedown Notices that

Youtube received contained the types of information called for under Youtube's platform's Terms of Service and the DMCA. Moreover, those Takedown Notices presented and formatted that information based on the relationship between the means for finding the Infringing Content (i.e., URLs) and the Infringing Content themselves.

71.     Youtube has the tools, resources, staff, technological capabilities, and knowledge of/about photographs on its platform and servers (including the Infringing Content) to locate and remove the Infringing Content, and thereby prevent further infringement of Art Record's copyrights in the Subject Songs. Indeed, doing so requires only simple measures from Youtube. Yet Youtube has failed to remove, or disable access to, the Infringing Content. Instead, despite its actual knowledge and awareness of the Infringing Content, Youtubte continues to materially contribute to, and/or induce, further use of the Infringing Content by (1) failing to act; and (2), *inter alia* and upon information and belief, continuing to provide access to the Infringing Content by allowing users to (a) select the Infringing Content for upload, download, transmission, and/or distribution, as well as initiate and instigate the display of the Infringing Content on Youtube's platform; and (b) store, cache, and/or distribute multiple copies of the Infringing Content on Youtube's servers and platform.

72.     And, upon information and belief, Youtube has failed to adequately enforce its repeat infringer policy with respect to the Infringing Content and the users who posted them, as evidenced by, *inter alia*, Youtube's continued display and distribution of the Infringing Content with no evident action taken against the users who posted them.

73.     The combination of Youtube's knowledge and awareness of the Infringing Content (in addition to knowing full well the extent of copyright infringement that occurs on its platform), its failure to remove or disable access to the Infringing Content (or take any meaningful measure(s) to stem the spread of copyright-infringing content) after obtaining that knowledge and awareness, and

its failure to adequately enforce its repeat infringer policy, removes any potential safe harbor protection afforded to Youtube under the DMCA, 17 U.S.C. § 512.

74. Due to Youtube's acts of contributory copyright infringement, Plaintiff has suffered damages in an amount to be established at trial.

75. Due to Youtube's acts of contributory copyright infringement, Youtube has obtained profits it would not have realized but for its contributory infringement of the Subject Songs. As such, Plaintiff is entitled to disgorgement of Youtube's profits attributable to its contributory infringement of the Subject Songs in an amount to be established at trial.

76. Upon information and belief, Plaintiff alleges that Youtube has committed acts of contributory copyright infringement with actual knowledge of, or in reckless disregard for, Plaintiff's copyrights in the Subject Songs, which renders those acts willful, intentional, and malicious.

77. Art Records is informed and believes and now alleges that all Defendants knowingly induced, participated in, aided and abetted in and profited from the illegal reproduction, distribution, and publication of the Infringing Content as alleged above. Specifically, the Defendants facilitated, and participated in Youtube and Google's respective illegal copying during the creation of the Infringing Content and realized profits through their respective distribution, and publication of the Infringing Content and vice versa.

78. Art Records is informed and believes and now alleges that Defendants, and each of them, are vicariously liable for the infringement alleged herein because they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct. Specifically, each Defendant involved in the infringement had the ability to oversee the publication and distribution of one or more of the Infringing Content. And, Defendants, and each of them, realized profits through their respective obtainment, distribution, and publication of one or both Infringing Content.

79.     By reason of Defendants', and each of their, acts of contributory and vicarious infringement as alleged above, Art Records has suffered and will continue to suffer substantial damages in an amount to be established at trial, as well as additional actual, general, and special damages in an amount to be established at trial.

80.     Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Art Records' rights. As such, Art Records is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of Art Records' rights in their copyrighted sound recordings in an amount to be established at trial.

81.     Art Records is informed and believes and now alleges that Defendants, and each of their, conduct as alleged herein was willful, reckless, and/or with knowledge, subjecting Defendants, and each of them, to enhanced statutory damages, claims for costs and attorneys' fees, and/or a preclusion from deducting certain costs when calculating disgorgeable profits.

## **Prayer for Relief**

### *(Against All Defendants)*

82.     With Respect to Each Claim for Relief, Plaintiff demands judgment against Defendants as follows:

a.  That Defendants, their affiliates, agents, and employees be enjoined from infringing Plaintiff's copyrights in and to Plaintiff's copyrighted sound recordings;

b.  Granting an injunction permanently restraining and enjoining Defendants, their officers, agents, employees, and attorneys, and all those persons or entities in active concert or participation with them, or any of them, from further infringing Plaintiff's copyrights in the compositions and to Plaintiff's copyrighted sound recordings;

c.  For a constructive trust to be entered over any recordings, videos reproductions, files, online programs, and other material in connection with both recordings of the Infringing Content, and all revenues resulting from the exploitation of same, for the benefit of Plaintiff;

d.  That Plaintiff be awarded all profits of Defendants, and each, plus all losses of Plaintiff, plus any other monetary advantage gained by the Defendants through their infringement, the exact sum to be proven at the time of trial;

e.  That Defendants pay damages equal to Plaintiff's actual damages and lost profits;

f.  That Plaintiff be awarded statutory damages and attorneys' fees as available under 17 U.S.C. §§ 504, 505 or other statutory or common law;

g.  That Plaintiff be awarded pre-judgment interest as allowed by law;

h.  That Plaintiff be awarded the costs of this action; and

i.  That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

Plaintiff demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

Respectfully submitted,

Dated: July 26, 2022        By:        */s/ Scott Alan Burroughs*
                                        Scott Alan Burroughs, Esq.
                                        Trevor W. Barrett, Esq.
                                        Frank Trechsel, Esq.
                                        Ben Tookey, Esq.
                                        DONIGER / BURROUGHS
                                        Attorneys for Plaintiff