Scott Alan Burroughs (SBN 235718)
scott@donigerlawfirm.com
Trevor W. Barrett (SBN 235718)
tbarrett@donigerlawfirm.com
Frank Trechsel (SBN 312199)
ftrechsel@donigerlawfim.com
Benjamin F. Tookey (SBN 330508)
btookey@donigerlawfirm.com
DONIGER / BURROUGHS
603 Rose Avenue
Venice, California 90291
Telephone: (310) 590-1820
Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ART RECORDS, LLC, a Delaware limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>YOUTUBE, LLC, a Delaware limited liability company; GOOGLE, LLC, a Delaware limited liability company; BELIEVE, a French corporation; MEYPOM MUZIK YAPIM AS, a Turkish entity of form unknown; SAHIN OZER MUZIK YAPIM VE TIC. A.S., a Turkish entity of form unknown; SONER MÜZIK YAPIM VE GÖRÜNTÜ HIZM. TIC. LTD. ŞTI., a Turkish entity of form unknown; AVRUPA MUZIK, a Turkish entity of form unknown; ODEON MUZIK, a Turkish entity of form unknown; SUPER MUZIK, a Turkish entity of form unknown; BONUS MUZIK, a Turkish entity of form unknown; TEMPA TÜM ELEKTRIKLI MAMÜLLER, a Turkish entity of form unknown; ANADOLU MUZIK YAPIM, a Turkish entity of form unknown; KALITE | Case No. 2:22-cv-05179-DSF-KS<br><br>**SECOND AMENDED COMPLAINT FOR:**<br><br>1. COPYRIGHT INFRINGEMENT<br><br>2. CONTRIBUTORY COPYRIGHT INFRINGEMENT<br><br>3. VICARIOUS COPYRIGHT INFRINGEMENT<br><br><u>JURY TRIAL DEMANDED</u> |

MUZIK URETIM VE TIC. LTD. STI., a
Turkish entity of form unknown; NETD
MUZIK VIDEO DIJITAL PLAFORM
A.S., a Turkish entity of form unknown;
EMRE GRAFSON MUZIK, a Turkish
entity of form unknown; DOGAN MUZIK
YAPIM, a Turkish entity of form unknown;
PASAJ FILM REKLAM PRODÜKSIYON
SAN. VE TIC. LTD. ŞTI, a Turkish entity
of form unknown; OSSI MUZIK, a Turkish
entity of form known; ORCHARD
ENTERPRISES NY, INC., a New York
corporation; POLL PRODÜKSIYON FILM
MÜZ. YAP. SAN. VE DIŞ TIC. A.Ş., a
Turkish entity of form unknown; ÖNCÜ
MÜZIK PRODÜKSIYON DAĞ. SAN. VE
TIC. LTD. ŞTI., a Turkish entity of form
unknown; SONY MUSIC
ENTERTAINMENT TUKIYE A.S., a
Turkish entity of form unknown; ULUS
MÜZIK SAN. VE TIC. A.Ş, a Turkish
entity of form unknown; A1 MUSIC
PRODUCTION INDUSTRY TRADE
LIMITED COMPANY, a Turkish entity of
form unknown; 1 MUSIC DISTRIBUTION
GROUP OF COMPANIES, a Turkish
entity of form unknown; OZER KARDES
KASET, a Turkish entity of form unknown;
UNIVERSAL MUSIC TURKEY, a Turkish
corporation; EMI – KENT ELEKTRONIK
SANAYI VE TICARET A.S., a Turkish
entity of form unknown; KORINO
MEDYA TECHNOLOGIES AND
INFORMATION SERVICES TRADE
LIMITED COMPANY d/b/a
"RADIORDER," a Turkish limited
company; COŞKUN PLAK, a Turkish
entity of form unknown; FONO MUSIC
PRODUCTION LTD. STI., a Turkish
limited liability company; MU-YAP
BAGLANTILI HAK SAHIBI
FONOGRAM YAPIMCILARI MESLEK
BIRLIGI, a Turkish entity of form

unknown; DITTO LTD. d/b/a "DITTO MUSIC," an English limited company; THE STATE51 MUSIC GROUP LIMITED, a British limited company; THE STATE51 CONSPIRACY LTD, a British limited company; DİSKOTÜR PLAKÇILIK LİMİTED ŞİRKETİ BEYOĞLU / İSTANBUL, a Turkish limited company; RAKS MÜZIK, a Turkish entity form unknown; İSTANBUL PLAK LTD. ŞTI., a Turkish limited company; İLETIŞIM SISTEMLERI ÜRETIM PAZARLAMA DANIŞMANLIK VE TIC. A.Ş, a Turkish entity of form unknown; and DOES 1-10,

Defendants.

Plaintiff Art Records, LLC prays to this honorable Court for relief based on the following:

## Jurisdiction and Venue

1.      This action arises under the Copyright Act of 1976, 17 U.S.C. § 101, *et seq*.

2.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a)-(b), and 1367(a).

3.      Venue in this judicial district is proper under 28 U.S.C. §§ 1391(c) and 1400(a) because, as set forth below, the acts and omissions giving rise to this case occurred in this judicial district.

## Parties

4.      Plaintiff Art Records, LLC is a limited liability company registered in Delaware and operating in California. Art Records has suffered harm in California and this judicial district from each Defendant's conduct in California and this judicial district.

5.      Upon information and belief, Defendant YouTube, LLC is a Delaware limited liability company with is principal places of business at 901 Cherry Avenue, San Bruno, California 94066; and 340 Main Street, Santa Monica, CA 90291. Upon information and belief, YouTube is a wholly owned and controlled subsidiary of Defendant Google LLC. YouTube and Google own, operate, and/or control the website youtube.com and its related/affiliated subdomains, mobile websites, and applications (collectively, the "YouTube Platform"). Upon information and belief, YouTube conducts business as Google, and vice versa, with respect to the YouTube Platform.

6.      Upon information and belief, Google is a Delaware limited liability company with its principal places of business at 1600 Amphitheatre Parkway, Mountain View, California 94043; and 340 Main Street, Santa Monica, CA 90291. Upon information and belief, Google wholly owns and controls YouTube. Upon information and belief, YouTube and Google share user data (including but not limited to for the YouTube Platform and google.com) to copy, store, create, display, publicly perform, and/or distribute content (user-generated or otherwise) and personalized advertisements on those websites. Google is registered as the service provider of the YouTube Platform with the U.S. Copyright Office under the Digital Millennium Copyright Act ("DMCA").

7.      Upon information and belief, Defendant Believe is a French corporation which conducts business in and with the United States, the state of California, and this judicial district, including by distributing the Subject Songs (defined below) in the United States and California; uploading and/or distributing the Subject Song(s) in which it purports to have rights (through purported ownership, license, or otherwise) to and/or through the Service Providers' Platform (defined below), thereby causing copies of the Subject Songs to be stored on servers that are located in the United States, California, and/or this judicial district and owned, operated, and/or controlled by the Service Providers in connection with the Service Providers' Platform; otherwise making the Subject

Songs available to United States and California residents; and/or earning revenue from exploiting, or the exploitation of, the Subject Songs in the United States and California (including from California residents).

8.      YouTube and Google are collectively referred to as the "Service Provider Defendants." The Service Provider platform Youtube will be referred to as the "Service Providers' Platform."

9.      Upon information and belief, Defendant Meypom Muzik Yapim AS ("Meypom") is a Turkish entity which conducts business in and with the United States, the state of California, and this judicial district, including by distributing the Subject Songs in the United States and California; uploading and/or distributing the Subject Song(s) in which it purports to have rights (through purported ownership, license, or otherwise) to and/or through the Service Providers' Platform, thereby causing copies of the Subject Songs to be stored on servers that are located in the United States, California, and/or this judicial district and owned, operated, and/or controlled by the Service Providers in connection with the Service Providers' Platform; otherwise making the Subject Songs available to United States and California residents; and/or earning revenue from exploiting, or the exploitation of, the Subject Songs in the United States and California (including from California residents).

10.     Upon information and belief, Defendant Sahin Ozer Muzik Yapim Ve TIC. A.S. ("Sahin") is a Turkish entity which conducts business in and with the United States, the state of California, and this judicial district, including by distributing the Subject Songs in the United States and California; uploading and/or distributing the Subject Song(s) in which it purports to have rights (through purported ownership, license, or otherwise) to and/or through the Service Providers' Platform, thereby causing copies of the Subject Songs to be stored on servers that are located in the United States, California, and/or this judicial district and owned, operated, and/or controlled by the Service Providers in connection with the Service Providers' Platform; otherwise making the Subject Songs

available to United States and California residents; and/or earning revenue from exploiting, or the exploitation of, the Subject Songs in the United States and California (including from California residents).

11.     Upon information and belief, Defendant Soner Müzik Yapim Ve Görüntü Hizm. Tic. Ltd. Şti. ("Soner") is a Turkish entity which conducts business in and with the United States, the state of California, and this judicial district, including by distributing the Subject Songs in the United States and California; uploading and/or distributing the Subject Song(s) in which it purports to have rights (through purported ownership, license, or otherwise) to and/or through the Service Providers' Platform, thereby causing copies of the Subject Songs to be stored on servers that are located in the United States, California, and/or this judicial district and owned, operated, and/or controlled by the Service Providers in connection with the Service Providers' Platform; otherwise making the Subject Songs available to United States and California residents; and/or earning revenue from exploiting, or the exploitation of, the Subject Songs in the United States and California (including from California residents).

12.     Upon information and belief, Defendant Avrupa Muzik ("Avrupa") is a Turkish entity which conducts business in and with the United States, the state of California, and this judicial district, including by distributing the Subject Songs in the United States and California; uploading and/or distributing the Subject Song(s) in which it purports to have rights (through purported ownership, license, or otherwise) to and/or through the Service Providers' Platform, thereby causing copies of the Subject Songs to be stored on servers that are located in the United States, California, and/or this judicial district and owned, operated, and/or controlled by the Service Providers in connection with the Service Providers' Platform; otherwise making the Subject Songs available to United States and California residents; and/or earning revenue from exploiting, or the exploitation of, the Subject Songs in the United States and California (including from California residents).

13.     Upon information and belief, Defendant Odeon Muzik ("Odeon") is a Turkish entity which conducts business in and with the United States, the state of California, and this judicial district, including by distributing the Subject Songs in the United States and California; uploading and/or distributing the Subject Song(s) in which it purports to have rights (through purported ownership, license, or otherwise) to and/or through the Service Providers' Platform, thereby causing copies of the Subject Songs to be stored on servers that are located in the United States, California, and/or this judicial district and owned, operated, and/or controlled by the Service Providers in connection with the Service Providers' Platform; otherwise making the Subject Songs available to United States and California residents; and/or earning revenue from exploiting, or the exploitation of, the Subject Songs in the United States and California (including from California residents).

14.     Upon information and belief, Defendant Super Muzik ("Super") is a Turkish entity which conducts business in and with the United States, the state of California, and this judicial district, including by distributing the Subject Songs in the United States and California; uploading and/or distributing the Subject Song(s) in which it purports to have rights (through purported ownership, license, or otherwise) to and/or through the Service Providers' Platform, thereby causing copies of the Subject Songs to be stored on servers that are located in the United States, California, and/or this judicial district and owned, operated, and/or controlled by the Service Providers in connection with the Service Providers' Platform; otherwise making the Subject Songs available to United States and California residents; and/or earning revenue from exploiting, or the exploitation of, the Subject Songs in the United States and California (including from California residents).

15.     Upon information and belief, Defendant Bonus Muzik ("Bonus") is a Turkish entity which conducts business in and with the United States, the state of California, and this judicial district, including by distributing the Subject Songs in

the United States and California; uploading and/or distributing the Subject Song(s) in which it purports to have rights (through purported ownership, license, or otherwise) to and/or through the Service Providers' Platform, thereby causing copies of the Subject Songs to be stored on servers that are located in the United States, California, and/or this judicial district and owned, operated, and/or controlled by the Service Providers in connection with the Service Providers' Platform; otherwise making the Subject Songs available to United States and California residents; and/or earning revenue from exploiting, or the exploitation of, the Subject Songs in the United States and California (including from California residents).

16.     Upon information and belief, Defendant Tempa Tüm Elektrikli Mamüller ("Tempa") is a Turkish entity which conducts business in and with the United States, the state of California, and this judicial district, including by distributing the Subject Songs in the United States and California; uploading and/or distributing the Subject Song(s) in which it purports to have rights (through purported ownership, license, or otherwise) to and/or through the Service Providers' Platform, thereby causing copies of the Subject Songs to be stored on servers that are located in the United States, California, and/or this judicial district and owned, operated, and/or controlled by the Service Providers in connection with the Service Providers' Platform; otherwise making the Subject Songs available to United States and California residents; and/or earning revenue from exploiting, or the exploitation of, the Subject Songs in the United States and California (including from California residents).

17.     Upon information and belief, Defendant Anadolu Muzik Yapim ("Anadolu") is a Turkish entity which conducts business in and with the United States, the state of California, and this judicial district, including by distributing the Subject Songs in the United States and California; uploading and/or distributing the Subject Song(s) in which it purports to have rights (through purported ownership, license, or otherwise) to and/or through the Service

Providers' Platform, thereby causing copies of the Subject Songs to be stored on servers that are located in the United States, California, and/or this judicial district and owned, operated, and/or controlled by the Service Providers in connection with the Service Providers' Platform; otherwise making the Subject Songs available to United States and California residents; and/or earning revenue from exploiting, or the exploitation of, the Subject Songs in the United States and California (including from California residents).

18.     Upon information and belief, Defendant Kalite Muzik Uretim Ve TIC. LTD. STI. ("Kalite") is a Turkish entity which conducts business in and with the United States, the state of California, and this judicial district, including by distributing the Subject Songs in the United States and California; uploading and/or distributing the Subject Song(s) in which it purports to have rights (through purported ownership, license, or otherwise) to and/or through the Service Providers' Platform, thereby causing copies of the Subject Songs to be stored on servers that are located in the United States, California, and/or this judicial district and owned, operated, and/or controlled by the Service Providers in connection with the Service Providers' Platform; otherwise making the Subject Songs available to United States and California residents; and/or earning revenue from exploiting, or the exploitation of, the Subject Songs in the United States and California (including from California residents).

19.     Upon information and belief, Defendant NetD Muzik Video Dijital Plaform A.S. ("NetD") is a Turkish entity which conducts business in and with the United States, the state of California, and this judicial district, including by distributing the Subject Songs in the United States and California; uploading and/or distributing the Subject Song(s) in which it purports to have rights (through purported ownership, license, or otherwise) to and/or through the Service Providers' Platform, thereby causing copies of the Subject Songs to be stored on servers that are located in the United States, California, and/or this judicial district and owned, operated, and/or controlled by the Service Providers in connection

with the Service Providers' Platform; otherwise making the Subject Songs available to United States and California residents; and/or earning revenue from exploiting, or the exploitation of, the Subject Songs in the United States and California (including from California residents).

20.   Upon information and belief, Defendant Emre Grafson Muzik ("Emre") is a Turkish entity which conducts business in and with the United States, the state of California, and this judicial district, including by distributing the Subject Songs in the United States and California; uploading and/or distributing the Subject Song(s) in which it purports to have rights (through purported ownership, license, or otherwise) to and/or through the Service Providers' Platform, thereby causing copies of the Subject Songs to be stored on servers that are located in the United States, California, and/or this judicial district and owned, operated, and/or controlled by the Service Providers in connection with the Service Providers' Platform; otherwise making the Subject Songs available to United States and California residents; and/or earning revenue from exploiting, or the exploitation of, the Subject Songs in the United States and California (including from California residents).

21.   Upon information and belief, Defendant Dogan Muzik Yapim ("Dogan") is a Turkish entity which conducts business in and with the United States, the state of California, and this judicial district, including by distributing the Subject Songs in the United States and California; uploading and/or distributing the Subject Song(s) in which it purports to have rights (through purported ownership, license, or otherwise) to and/or through the Service Providers' Platform, thereby causing copies of the Subject Songs to be stored on servers that are located in the United States, California, and/or this judicial district and owned, operated, and/or controlled by the Service Providers in connection with the Service Providers' Platform; otherwise making the Subject Songs available to United States and California residents; and/or earning revenue from

1  exploiting, or the exploitation of, the Subject Songs in the United States and
2  California (including from California residents).

3         22.    Upon information and belief, Defendant Pasaj Film Reklam
4  Prodüksiyon San. Ve Tic. Ltd. Şti. ("Pasaj") is a Turkish entity which conducts
5  business in and with the United States, the state of California, and this judicial
6  district, including by distributing the Subject Songs in the United States and
7  California; uploading and/or distributing the Subject Song(s) in which it purports
8  to have rights (through purported ownership, license, or otherwise) to and/or
9  through the Service Providers' Platform, thereby causing copies of the Subject
10  Songs to be stored on servers that are located in the United States, California,
11  and/or this judicial district and owned, operated, and/or controlled by the Service
12  Providers in connection with the Service Providers' Platform; otherwise making
13  the Subject Songs available to United States and California residents; and/or
14  earning revenue from exploiting, or the exploitation of, the Subject Songs in the
15  United States and California (including from California residents).

16         23.    Upon information and belief, Defendant Ossi Muzik ("Ossi") is a
17  Turkish entity which conducts business in and with the United States, the state of
18  California, and this judicial district, including by distributing the Subject Songs in
19  the United States and California; uploading and/or distributing the Subject Song(s)
20  in which it purports to have rights (through purported ownership, license, or
21  otherwise) to and/or through the Service Providers' Platform, thereby causing
22  copies of the Subject Songs to be stored on servers that are located in the United
23  States, California, and/or this judicial district and owned, operated, and/or
24  controlled by the Service Providers in connection with the Service Providers'
25  Platform; otherwise making the Subject Songs available to United States and
26  California residents; and/or earning revenue from exploiting, or the exploitation
27  of, the Subject Songs in the United States and California (including from
28  California residents).

24.     Upon information and belief, Defendant Orchard Enterprises NY, Inc. ("Orchard") is a New York corporation and maintains one or more principal places of business and/or offices in California and/or this judicial district. Orchard distributed, and/or authorized the distribution of, the Subject Songs in California and this judicial district; uploaded or distributed, and/or authorized the upload or distribution of, the Subject Song(s) in which it purports to have rights (through purported ownership, license, or otherwise) to and/or through the Service Providers' Platform, thereby causing copies of the Subject Songs to be stored on servers that are located in California and/or this judicial district and owned, operated, and/or controlled by the Service Providers in connection with the Service Providers' Platform; otherwise making the Subject Songs available to residents of California and/or this judicial district; and/or earning revenue from exploiting, or authorizing the exploitation of, the Subject Songs in California and this judicial district (including from residents thereof).

25.     Upon information and belief, Defendant Poll Prodüksiyon Film Müz. Yap. San. Ve Diş Tic. A.Ş.  ("Poll") is a Turkish entity which conducts business in and with the United States, the state of California, and this judicial district, including by distributing the Subject Songs in the United States and California; uploading and/or distributing the Subject Song(s) in which it purports to have rights (through purported ownership, license, or otherwise) to and/or through the Service Providers' Platform, thereby causing copies of the Subject Songs to be stored on servers that are located in the United States, California, and/or this judicial district and owned, operated, and/or controlled by the Service Providers in connection with the Service Providers' Platform; otherwise making the Subject Songs available to United States and California residents; and/or earning revenue from exploiting, or the exploitation of, the Subject Songs in the United States and California (including from California residents).

26.     Upon information and belief, Defendant Öncü Müzik Prodüksiyon Dağ. San. Ve Tic. Ltd. Şti. ("Oncu") is a Turkish entity which conducts business

in and with the United States, the state of California, and this judicial district, including by distributing the Subject Songs in the United States and California; uploading and/or distributing the Subject Song(s) in which it purports to have rights (through purported ownership, license, or otherwise) to and/or through the Service Providers' Platform, thereby causing copies of the Subject Songs to be stored on servers that are located in the United States, California, and/or this judicial district and owned, operated, and/or controlled by the Service Providers in connection with the Service Providers' Platform; otherwise making the Subject Songs available to United States and California residents; and/or earning revenue from exploiting, or the exploitation of, the Subject Songs in the United States and California (including from California residents).

27.    Upon information and belief, Defendant Sony Music Entertainment Tukiye A.S. ("Sony") is a Turkish entity which conducts business in and with the United States, the state of California, and this judicial district, including by distributing the Subject Songs in the United States and California; uploading and/or distributing the Subject Song(s) in which it purports to have rights (through purported ownership, license, or otherwise) to and/or through the Service Providers' Platform, thereby causing copies of the Subject Songs to be stored on servers that are located in the United States, California, and/or this judicial district and owned, operated, and/or controlled by the Service Providers in connection with the Service Providers' Platform; otherwise making the Subject Songs available to United States and California residents; and/or earning revenue from exploiting, or the exploitation of, the Subject Songs in the United States and California (including from California residents).

28.    Upon information and belief, Defendant Ulus Müzik San. Ve Tic. A.Ş ("Ulus") is a Turkish entity which conducts business in and with the United States, the state of California, and this judicial district, including by distributing the Subject Songs in the United States and California; uploading and/or distributing the Subject Song(s) in which it purports to have rights (through

purported ownership, license, or otherwise) to and/or through the Service Providers' Platform, thereby causing copies of the Subject Songs to be stored on servers that are located in the United States, California, and/or this judicial district and owned, operated, and/or controlled by the Service Providers in connection with the Service Providers' Platform; otherwise making the Subject Songs available to United States and California residents; and/or earning revenue from exploiting, or the exploitation of, the Subject Songs in the United States and California (including from California residents).

29.     Upon information and belief, A1 Music Production Industry Trade Limited Company ("A1 Music") is a Turkish entity which conducts business in and with the United States, the state of California, and this judicial district, including by distributing the Subject Songs in the United States and California; uploading and/or distributing the Subject Song(s) in which it purports to have rights (through purported ownership, license, or otherwise) to and/or through the Service Providers' Platform, thereby causing copies of the Subject Songs to be stored on servers that are located in the United States, California, and/or this judicial district and owned, operated, and/or controlled by the Service Providers in connection with the Service Providers' Platform; otherwise making the Subject Songs available to United States and California residents; and/or earning revenue from exploiting, or the exploitation of, the Subject Songs in the United States and California (including from California residents).

30.     Upon information and belief, Defendant 1 Music Distribution Group Of Companies ("1 Music Distribution") is a Turkish entity which conducts business in and with the United States, the state of California, and this judicial district, including by distributing the Subject Songs in the United States and California; uploading and/or distributing the Subject Song(s) in which it purports to have rights (through purported ownership, license, or otherwise) to and/or through the Service Providers' Platform, thereby causing copies of the Subject Songs to be stored on servers that are located in the United States, California,

and/or this judicial district and owned, operated, and/or controlled by the Service Providers in connection with the Service Providers' Platform; otherwise making the Subject Songs available to United States and California residents; and/or earning revenue from exploiting, or the exploitation of, the Subject Songs in the United States and California (including from California residents). Upon information and belief, 1 Music Distribution and A1 Music are related/affiliated entities, alter egos, and/or conduct business as, and/or on behalf of, each other.

31.     Upon information and belief, Defendant Ozer Kardes Kaset ("Ozer") is a Turkish entity which conducts business in and with the United States, the state of California, and this judicial district, including by distributing the Subject Songs in the United States and California; uploading and/or distributing the Subject Song(s) in which it purports to have rights (through purported ownership, license, or otherwise) to and/or through the Service Providers' Platform, thereby causing copies of the Subject Songs to be stored on servers that are located in the United States, California, and/or this judicial district and owned, operated, and/or controlled by the Service Providers in connection with the Service Providers' Platform; otherwise making the Subject Songs available to United States and California residents; and/or earning revenue from exploiting, or the exploitation of, the Subject Songs in the United States and California (including from California residents).

32.     Upon information and belief, Defendant Universal Music Turkey ("Universal") is a Turkish corporation which conducts business in and with the United States, the state of California, and this judicial district, including by distributing the Subject Songs in the United States and California; uploading and/or distributing the Subject Song(s) in which it purports to have rights (through purported ownership, license, or otherwise) to and/or through the Service Providers' Platform, thereby causing copies of the Subject Songs to be stored on servers that are located in the United States, California, and/or this judicial district and owned, operated, and/or controlled by the Service Providers in connection

with the Service Providers' Platform; otherwise making the Subject Songs available to United States and California residents; and/or earning revenue from exploiting, or the exploitation of, the Subject Songs in the United States and California (including from California residents).

33.     Upon information and belief, Defendant EMI – Kent Elektronik Sanayi Ve Ticaret A.S. ("EMI") is a Turkish entity which conducts business in and with the United States, the state of California, and this judicial district, including by distributing the Subject Songs in the United States and California; uploading and/or distributing the Subject Song(s) in which it purports to have rights (through purported ownership, license, or otherwise) to and/or through the Service Providers' Platform, thereby causing copies of the Subject Songs to be stored on servers that are located in the United States, California, and/or this judicial district and owned, operated, and/or controlled by the Service Providers in connection with the Service Providers' Platform; otherwise making the Subject Songs available to United States and California residents; and/or earning revenue from exploiting, or the exploitation of, the Subject Songs in the United States and California (including from California residents).

34.     Upon information and belief, Defendant Korino Medya Technologies And Information Services Trade Limited Company d/b/a "Radiorder" ("Radiorder") is a Turkish limited company which conducts business in and with the United States, the state of California, and this judicial district, including by distributing the Subject Songs in the United States and California; uploading and/or distributing the Subject Song(s) in which it purports to have rights (through purported ownership, license, or otherwise) to and/or through the Service Providers' Platform, thereby causing copies of the Subject Songs to be stored on servers that are located in the United States, California, and/or this judicial district and owned, operated, and/or controlled by the Service Providers in connection with the Service Providers' Platform; otherwise making the Subject Songs available to United States and California residents; and/or earning revenue from

exploiting, or the exploitation of, the Subject Songs in the United States and California (including from California residents).

35.     Upon information and belief, Defendant Coşkun Plak ("Coskun") is a Turkish entity which conducts business in and with the United States, the state of California, and this judicial district, including by distributing the Subject Songs in the United States and California; uploading and/or distributing the Subject Song(s) in which it purports to have rights (through purported ownership, license, or otherwise) to and/or through the Service Providers' Platform, thereby causing copies of the Subject Songs to be stored on servers that are located in the United States, California, and/or this judicial district and owned, operated, and/or controlled by the Service Providers in connection with the Service Providers' Platform; otherwise making the Subject Songs available to United States and California residents; and/or earning revenue from exploiting, or the exploitation of, the Subject Songs in the United States and California (including from California residents).

36.     Upon information and belief, Defendant Fono Music Production Ltd. STI. ("Fono") is a Turkish limited liability company which conducts business in and with the United States, the state of California, and this judicial district, including by distributing the Subject Songs in the United States and California; uploading and/or distributing the Subject Song(s) in which it purports to have rights (through purported ownership, license, or otherwise) to and/or through the Service Providers' Platform, thereby causing copies of the Subject Songs to be stored on servers that are located in the United States, California, and/or this judicial district and owned, operated, and/or controlled by the Service Providers in connection with the Service Providers' Platform; otherwise making the Subject Songs available to United States and California residents; and/or earning revenue from exploiting, or the exploitation of, the Subject Songs in the United States and California (including from California residents).

37.    Upon information and belief, Defendant Mu-Yap Baglantili Hak Sahibi Fonogram Yapimcilari Meslek Birligi ("Mu-Yap") is a Turkish company which conducts business in and with the United States, the state of California, and this judicial district, including by distributing the Subject Songs in the United States and California; uploading and/or distributing the Subject Song(s) in which it purports to have rights (through purported ownership, license, or otherwise) to and/or through the Service Providers' Platform, thereby causing copies of the Subject Songs to be stored on servers that are located in the United States, California, and/or this judicial district and owned, operated, and/or controlled by the Service Providers in connection with the Service Providers' Platform; otherwise making the Subject Songs available to United States and California residents; and/or earning revenue from exploiting, or the exploitation of, the Subject Songs in the United States and California (including from California residents).

38.    Upon information and belief, Defendant Ditto Ltd. d/b/a "Ditto Music" ("Ditto") is an English company which conducts business in and with the United States, the state of California, and this judicial district, including by distributing the Subject Songs in the United States and California; uploading and/or distributing the Subject Song(s) in which it purports to have rights (through purported ownership, license, or otherwise) to and/or through the Service Providers' Platform, thereby causing copies of the Subject Songs to be stored on servers that are located in the United States, California, and/or this judicial district and owned, operated, and/or controlled by the Service Providers in connection with the Service Providers' Platform; otherwise making the Subject Songs available to United States and California residents; and/or earning revenue from exploiting, or the exploitation of, the Subject Songs in the United States and California (including from California residents).

39.    Upon information and belief, Defendant The State51 Conspiracy Ltd ("State51") is an English limited company which conducts business in and with

the United States, the state of California, and this judicial district, including by distributing the Subject Songs in the United States and California; uploading and/or distributing the Subject Song(s) in which it purports to have rights (through purported ownership, license, or otherwise) to and/or through the Service Providers' Platform, thereby causing copies of the Subject Songs to be stored on servers that are located in the United States, California, and/or this judicial district and owned, operated, and/or controlled by the Service Providers in connection with the Service Providers' Platform; otherwise making the Subject Songs available to United States and California residents; and/or earning revenue from exploiting, or the exploitation of, the Subject Songs in the United States and California (including from California residents).

40.     Upon information and belief, Defendant The State51 Music Group Limited ("51 Music") is an English limited company which conducts business in and with the United States, the state of California, and this judicial district, including by distributing the Subject Songs in the United States and California; uploading and/or distributing the Subject Song(s) in which it purports to have rights (through purported ownership, license, or otherwise) to and/or through the Service Providers' Platform, thereby causing copies of the Subject Songs to be stored on servers that are located in the United States, California, and/or this judicial district and owned, operated, and/or controlled by the Service Providers in connection with the Service Providers' Platform; otherwise making the Subject Songs available to United States and California residents; and/or earning revenue from exploiting, or the exploitation of, the Subject Songs in the United States and California (including from California residents).

41.     Upon information and belief, Defendant Diskotür Plakçilik Limited Şirketi Beyoğlu / İstanbul ("Diskotur") is a Turkish limited company which conducts business in and with the United States, the state of California, and this judicial district, including by distributing the Subject Songs in the United States and California; uploading and/or distributing the Subject Song(s) in which it

purports to have rights (through purported ownership, license, or otherwise) to and/or through the Service Providers' Platform, thereby causing copies of the Subject Songs to be stored on servers that are located in the United States, California, and/or this judicial district and owned, operated, and/or controlled by the Service Providers in connection with the Service Providers' Platform; otherwise making the Subject Songs available to United States and California residents; and/or earning revenue from exploiting, or the exploitation of, the Subject Songs in the United States and California (including from California residents).

42.     Upon information and belief, Defendant Raks Müzik ("Raks") is a Turkish entity which conducts business in and with the United States, the state of California, and this judicial district, including by distributing the Subject Songs in the United States and California; uploading and/or distributing the Subject Song(s) in which it purports to have rights (through purported ownership, license, or otherwise) to and/or through the Service Providers' Platform, thereby causing copies of the Subject Songs to be stored on servers that are located in the United States, California, and/or this judicial district and owned, operated, and/or controlled by the Service Providers in connection with the Service Providers' Platform; otherwise making the Subject Songs available to United States and California residents; and/or earning revenue from exploiting, or the exploitation of, the Subject Songs in the United States and California (including from California residents).

43.     Upon information and belief, Defendant İstanbul Plak Ltd. Şti ("Istanbul") is a Turkish entity which conducts business in and with the United States, the state of California, and this judicial district, including by distributing the Subject Songs in the United States and California; uploading and/or distributing the Subject Song(s) in which it purports to have rights (through purported ownership, license, or otherwise) to and/or through the Service Providers' Platform, thereby causing copies of the Subject Songs to be stored on

servers that are located in the United States, California, and/or this judicial district and owned, operated, and/or controlled by the Service Providers in connection with the Service Providers' Platform; otherwise making the Subject Songs available to United States and California residents; and/or earning revenue from exploiting, or the exploitation of, the Subject Songs in the United States and California (including from California residents).

44.     Upon information and belief, Defendant İletişim Sistemleri Üretim Pazarlama Danişmanlik Ve Tic. A.Ş ("Iletisim") is a Turkish entity which conducts business in and with the United States, the state of California, and this judicial district, including by distributing the Subject Songs in the United States and California; uploading and/or distributing the Subject Song(s) in which it purports to have rights (through purported ownership, license, or otherwise) to and/or through the Service Providers' Platform, thereby causing copies of the Subject Songs to be stored on servers that are located in the United States, California, and/or this judicial district and owned, operated, and/or controlled by the Service Providers in connection with the Service Providers' Platform; otherwise making the Subject Songs available to United States and California residents; and/or earning revenue from exploiting, or the exploitation of, the Subject Songs in the United States and California (including from California residents).

45.     Defendants Does 1-10 (collectively, "Doe Defendants") (altogether with the above-referenced entities, "Defendants") are other parties not yet identified who have infringed Plaintiff's asserted copyrights, have contributed to the infringement of Plaintiff's copyrights, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual, or otherwise, of Doe Defendants are presently unknown to Plaintiff, which therefore sues Doe Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when the same have been ascertained.

46.     Upon information and belief, Mu-yap owns, operates, or controls; has the right or ability to own, operate, or control; and/or is otherwise related to, affiliated with, and/or associated with Defendants Meypom, Sahin, Soner, Avrupa, Odeon, Bonus, Tempa, Super, Ulus, Anadolu, Emre, İletişim, Dogan, NetD, Pasaj, Ossi, A1 Music, 1 Music Distribution, Özer, Soner, Kalite, Poll, Öncü, Ulus, Radiorder, Coskun, Fono, Raks, Istanbul, and/or Diskotur (collectively, the "Mu-yap Defendants"), such that the Mu-Yap Defendants are alter egos of one another. That is, upon information and belief, Mu-yap shares common ownership, board members, directors, officers, members, managers, and/or other employees with the Mu-yap Defendants, and Mu-yap can appoint, replace, and/or otherwise change the directors, officers, members, and/or managers of the Mu-yap Defendants at Mu-yap's discretion; Mu-yap and the Mu-yap Defendants commingle funds and other assets, and the Mu-yap Defendants' profits flow to Mu-yap such that Mu-yap financially benefits from the Mu-yap Defendants' distribution, public performance, and exploitation of the Subject Songs in the United States, California, and this judicial district; Mu-yap acts and conducts its business through the Mu-yap Defendants, and treats the Mu-yap Defendants as mere shells for the business of Mu-yap, such that the acts of the Mu-yap Defendants are imputable to Mu-yap, and vice versa; and Mu-yap otherwise controls, operates, and/or manages, or has the right or ability to control, operate, and/or manage, the actions, decisions, conduct, and/or activities of the Mu-yap Defendants. As such, there is such a unity of interest and ownership between Mu-yap and the Mu-yap Defendants, and such a disregard of corporate formalities, individuality, and separateness among those defendants, that Mu-yap and the Mu-yap Defendants are the alter egos of one another. Adherence to the fiction of the separate existence of Mu-yap and the Mu-yap Defendants as distinct entities would permit fraud, and promote injustice, as the Mu-yap Defendants have worked in concert in infringing Art Records' copyrights in the Subject Songs.

47.     Moreover, Defendants Believe, Odeon, Tempa, Sahin, and Meypom, respectively, submitted DMCA counter-notices to the Service Provider Defendants in response to Art Records' Takedown Notices (defined below), in which those Defendants disputed that they infringed Art Records' rights in the Subject Songs. By submitting those counter-notices, those Defendants consented, under penalty of perjury, to jurisdiction of the federal district court for the district in which their addresses are located, or, if their addresses are outside of the United States, the judicial district in which the Service Provider Defendants are located; and to accept service of process from the Art Records. Because the Service Provider Defendants are subject to this Court's jurisdiction in this case, Defendants Believe, Odeon, Tempa, Sahin, and Meypom are as well.

*     *     *

48.     There are two categories of defendants in this case. First, there are the defendants who uploaded and/or distributed, and/or directed or authorized the upload and/or distribution of, the Subject Songs to and/or through the Service Providers' Platform; otherwise exploited, and/or directed or authorized the exploitation of, the Subject Songs in the United States, California, and this judicial district; and financially benefitted from the same (collectively, the "Uploader and Distributor Defendants," consisting of the Defendants other than YouTube, and Google). Second, there are the Service Provider Defendants, who own, operate, and control their Platform; received DMCA takedown notices regarding the unauthorized distribution, performance, and exploitation of the Subject Songs by the Uploader and Distributor Defendants on the Service Providers' Platform; and failed to act expeditiously to remove the unauthorized copies of those Songs from their Platform.

**Art Records' rights in the Subject Songs, and the Uploader and Distributor Defendants' unauthorized exploitation of those Songs**

49.     Art Records is a record label and publisher that administers the rights of over 20 Turkish artists (collectively, the "Turkish Artists") and a library of over

1,500 songs. Art Records owns the sound recording and musical composition copyrights in its music library via written transfer with the Turkish Artists who originally wrote and recorded the songs in Art Records' library.

50.     Art Records is the sole and exclusive owner and administrator of, among other things, worldwide artistic performance rights, publishing rights, reproduction rights, distribution rights, transmission rights, music video rights, digital rights (including Internet rights), copyright collection rights, and rights to digital sales and advertising revenues in the collection of the songs asserted in this case (collectively, the "Subject Songs"). The Subject Songs are set forth in **Exhibits A-C**. As alleged herein, Defendants directly and secondarily infringed Art Records' copyrights in the Subject Songs by distributing, publicly performing, and exploiting the Subject Songs without a license, authorization, or consent from Art Records; and by allowing unauthorized copies of the Subject Songs to remain publicly available on the Service Providers' Platform despite Art Records' notices of infringement.

51.     The Subject Songs have been widely disseminated as singles and albums in Turkey and internationally. The Subject Songs are registered with the U.S. Copyright Office and/or were first published abroad, exempting Art Records from the registration requirements set out in 17 U.S.C. § 411(a) for those Songs. The Subject Songs were originally published in Turkey. Further, the Turkish Artists, listed in **Exhibit A**, are, and were at the time of original publication of the Subject Songs, Turkish citizens—except Ufuk Yildirim, who is a current U.S. citizen but obtained his U.S. citizenship after his albums were released in Turkey. Turkey is a treaty party under the Copyright Act and Berne Convention.

52.     A table of the Subject Songs that are registered with the U.S. Copyright Office, as well as the albums on which they appear, are set forth in **Exhibit B**.

53.     Following the distribution and publication of the Subject Songs, the Uploader and Distributor Defendants uploaded and/or distributed, and/or directed

or authorized the upload and/or distribution of, the Subject Songs to and/or through the Service Providers' Platform; otherwise exploited, and/or directed or authorized the exploitation of, the Subject Songs in the United States, California, and this judicial district; and financially benefitted from the same. Art Records did not authorize the Uploader and Distributor Defendants to copy, distribute, reproduce, and/or otherwise exploit the Subject Songs; and none of the Uploader and Distributor Defendants sought or obtained a license, authorization, or consent from Art Records for the same. A list of the unauthorized copies of the Subject Songs that were uploaded to the Service Providers' Platform, as well as the corresponding URLs (defined below) at which those Songs were distributed, publicly performed, and/or otherwise exploited and used on the Service Providers' Platform, is set forth in **Exhibit A**. These are representative exemplars of the unauthorized uses, in whole or in part, of the Subject Songs by the Uploader and Distributor Defendants, and each of them. **Exhibit C** sets forth, upon information and belief, the unauthorized copies of the Subject Songs that correspond to the respective Uploader and Distributor Defendants. The content set forth in those Exhibits reproduces the entire sound recordings, and the musical compositions embodied in those sound recordings, of the Subject Songs.

57. Some Turkish Artists have previously filed lawsuits in Turkey against some of the Uploader and Distributor Defendants to end those Defendants' unauthorized exploitation of the Subject Songs. Though these lawsuits have been adjudicated in favor of the artists, those Uploader and Distributor Defendants continue to exploit the Subject Songs, including on the Service Providers' Platform, without authorization.

**The Service Provider Defendants' failure to timely remove unauthorized copies of the Subject Songs from their Platform despite Art Records' notices of infringement**

58. Users of the Service Providers' Platform who upload content thereon agree to the Platform's respective terms of use, including agreeing not to upload

anything that infringes anyone else's rights. Each of the Service Provider Defendants maintain the right and ability to remove intellectual property-infringing content from their Platform. The Service Provider Defendants also maintain repeat infringer policies, including the right and ability to suspend or terminate a user's access to all or part of their Platform if, among other things, the user violates the Platform's terms of use, or if the Service Provider Defendant believes there has been conduct that creates (or could create) liability or harm to any user, third party, itself, or its affiliates.

59.     If a copyright holder believes that content on a Service Provider Defendant's Platform infringes their copyright(s) in their protected work(s), the copyright holder can, *inter alia*, contact that Service Provider Defendant. If a copyright holder does so to submit a claim of copyright infringement, the copyright holder is required to provide the Service Provider Defendant substantially the following information: (1) contact information (of the copyright holder or authorized representative); (2) a description of the copyrighted work(s) allegedly infringed; (3) web addresses ("URLs") of the allegedly infringing content; (4) a declaration; and (5) a signature (collectively, a "Takedown Notice"). These elements are essentially the elements of an effective Takedown Notice under the DMCA 17 U.S.C. § 512.

60.     Art Records submitted Takedown Notices to the Service Provider Defendants requesting removal of the unauthorized copies of the Subject Songs uploaded to and distributed through the Service Providers' Platform by the Uploader and Distributor Defendants. Art Records' Takedown Notices were effective under the DMCA. A list of the Subject Songs that were uploaded to the Service Providers' Platform and the corresponding URLs (defined below) at which those Songs were distributed, publicly performed, and/or otherwise exploited and used on the Service Providers' Platform is set forth in **Exhibit A**, along with when Art Records sent Takedown Notices to the Service Provider Defendants requesting

removal of the unauthorized copies of the Subject Songs from the Service Providers' Platform.

61.    The Service Provider Defendants did not expeditiously remove most (if not all) of the content identified in Art Records' Takedown Notices. Instead, despite Art Records' Takedown Notices, and to date, a majority of the complained-of unauthorized copies of the Subject Songs remain publicly available, and the Service Provider Defendants continued to allow (and, upon information and belief, continue to allow) users to download, stream, and/or otherwise use the same.

62.    Upon information and belief, the Service Provider Defendants earned revenue from, among other things, subscriptions, sales, downloads, and/or streams of the unauthorized copies of the Subject Songs on their Platform; and/or advertisements or other paid or sponsored content displayed in conjunction with, and/or alongside, the unauthorized copies of the Subject Songs on their Platform.

## First Claim for Relief

### (For Copyright Infringement – Against all Uploader and Distributor Defendants)

63.    Art Records incorporates by reference the allegations in the preceding paragraphs of this Complaint.

64.    Art Records is the sole and exclusive owner of the copyrights in the Subject Songs.

65.    The Uploader and Distributor Defendants had access to the Subject Songs through the widespread dissemination of the Subject Songs in Turkey and internationally and/or a chain of events that linked the Subject Songs to those Defendants. Moreover, the unauthorized copies of the Subject Songs at issue in this case are, by their nature, verbatim (or at least nearly verbatim) copies of the Subject Songs; and the Uploader and Distributor Defendants are listed as the uploaders and/or contributors of the unauthorized copies of the Subject Songs on the Service Providers' Platform.

66.     The Uploader and Distributor Defendants, and each of them, copied, distributed, publicly performed, and otherwise used and exploited the Subject Songs, as well as authorized (and/or acted in concert with) others to do the same, without a license, authorization, or consent from Art Records, including on and through the Service Providers' Platform. **Exhibit C** contains a table that sets forth which Uploader and Distributor Defendants have exploited which Subject Songs without authorization. The remaining Uploader and Distributor Defendants— primarily the Mu-yap Defendants—either directly uploaded, or acted in concert with others to upload, unauthorized copies of the Subject Songs to the Service Providers' Platform.

67.     The foregoing conduct directly infringes Art Records' copyrights in the Subject Songs.

68.     Due to the Uploader and Distributor Defendants' respective acts of copyright infringement, Art Records has damages in an amount to be established at trial.

69.     Due to the Uploader and Distributor Defendants' respective acts of copyright infringement, the Uploader and Distributor Defendants, and each of them, have obtained profits they would not have realized but for their infringement of Art Records' copyrights in the Subject Songs. Art Records is entitled to disgorgement of the Uploader and Distributor Defendants' respective profits earned in connection with their respective infringements of Art Records' copyrights in the Subject Songs, in an amount to be established at trial.

70.     Upon information and belief, the Uploader and Distributor Defendants' respective acts of copyright infringement were conducted willfully, or at least with reckless disregard to Art Records' copyrights in the Subject Songs.

### **<u>Second Claim for Relief</u>**

### (**For Contributory Copyright Infringement – Against the Service Provider Defendants**)

71.     Art Records incorporates by reference the allegations in the preceding paragraphs of this Complaint.

72.     The Service Provider Defendants have the right and ability to supervise their Platform and the content posted thereon, including removing copyright-infringing content. The Service Provider Defendants also have the right and ability to oversee the uses of the Subject Songs on their Platform. Accordingly, the Service Provider Defendants are in the best position to remove copyright-infringing content from, and prevent such content from proliferating on, their respective Platform.

73.     The Service Provider Defendants have had actual knowledge, and/or has been aware of the facts or circumstances, of the unauthorized copies of the Subject Songs (i.e., specific infringing material on their Platform) identified in Art Records' Takedown Notices. The Takedown Notices that the Service Provider Defendants received were effective under the DMCA. Moreover, those Takedown Notices presented and formatted that information based on the relationship between the means for finding the unauthorized copies of the Subject Songs (i.e., URLs) and the unauthorized copies of the Subject Songs themselves.

74.     The Service Provider Defendants have the tools, resources, staff, technological capabilities, and knowledge of/about content on their Platform (including the unauthorized copies of the Subject Songs) to locate and remove identified copyright-infringing content, and thereby prevent further harm to Art Records' copyrights in the Subject Songs. Doing so requires only simple measures from the Service Provider Defendants. Yet the Service Provider Defendants failed to expeditiously remove, and/or failed to remove at all, the unauthorized copies of the Subject Songs identified in Art Records' Takedown Notices. Instead, despite their actual knowledge and awareness of that copyright-infringing content, the Service Provider Defendants materially contributed to further use of that copyright-infringing content by (1) failing to act; and (2), *inter alia* and upon information and belief, continuing to provide access to the same by allowing users

to (a) select such content for upload, download, transmission, and/or distribution, as well as initiate and instigate the display of such content on their Platform; and (b) store, cache, and/or distribute multiple copies of such content on their Platform.

75. And, upon information and belief, the Service Provider Defendants have failed to adequately enforce their repeat infringer policy with respect to the unauthorized copies of the Subject Songs and the users who posted them, as evidenced by, *inter alia*, Service Provider Defendants' continued display and distribution of that copyright-infringing content on their Platform with no evident action taken against the users who posted them.

76. The combination of the Service Provider Defendants' knowledge and awareness of the unauthorized copies of the Subject Songs identified in Art Records' Takedown Notices, their failure to remove or disable access to that copyright-infringing content after obtaining that knowledge and awareness, and their failure to adequately enforce their repeat infringer policy, removes any potential safe harbor protection afforded to the Service Provider Defendants under the DMCA.

77. Due to the Service Provider Defendants' acts of contributory copyright infringement, Art Records has suffered damages in an amount to be established at trial.

78. Due to the Service Provider Defendants' acts of contributory copyright infringement, the Service Provider Defendants have obtained profits they would not have realized but for their contributory infringement of Art Records' copyrights in the Subject Songs. Art Records is entitled to disgorgement of the Service Provider Defendants' respective profits attributable to their contributory infringement of Art Records' copyrights in the Subject Songs, in an amount to be established at trial.

79. Upon information and belief, the Service Provider Defendants have committed acts of contributory copyright infringement with actual knowledge of,

1  and/or in reckless disregard for, Art Records' copyrights in the Subject Songs,

2  which renders those acts willful, intentional, and malicious.

3  ### Third Claim for Relief

4  ### (Vicarious Copyright Infringement –Against all Uploader and Distributor

5  ### Defendants)

6  80.   Art Records incorporates by reference the allegations in the preceding

7  paragraphs of this Complaint.

8  81.   Upon information and belief, The Uploader and Distributor

9  Defendants maintain the right and ability to supervise the conduct of certain other

10  Uploader and Distributor Defendants, including the uploading of the unauthorized

11  copies of the Subject Songs to the Service Providers' Platform and/or otherwise

12  distributing and exploiting that copyright-infringing content. Upon information

13  and belief, some of the Uploader and Distributor Defendants have contracted with

14  other Uploader and Distributor Defendants for the distribution, public

15  performance, and exploitation of unauthorized copies of the Subject Songs.

16  82.   Upon information and belief, the relationships and contracts between

17  the Uploader and Distributor Defendants provides them with the right and ability

18  to control the distribution, public performance, exploitation, and other uses of the

19  unauthorized copies of the Subject Songs on the Service Providers' Platform.

20  83.   Upon information and belief, the Uploader and Distributor

21  Defendants earned revenue (either directly or indirectly) from, among other things,

22  sales, downloads, and/or streams of the unauthorized copies of the Subject Songs

23  on the Service Providers' Platform.

24  84.   The combination of the Uploader and Distributor Defendants' right

25  and ability to control the infringing conduct of other Uploader and Distributor

26  Defendants, the failure to exercise that right and ability, and the direct financial

27  benefit they earned from such infringing conduct, makes them vicariously liable

28  for infringing Art Records' copyrights in the Subject Songs by virtue of the

unauthorized distribution, public performance, and exploitation of the Subject Songs (including on the Service Providers' Platform).

85.     Due to the Uploader and Distributor Defendants' acts of vicarious copyright infringement, Art Records has suffered damages in an amount to be established at trial.

86.     Due to the Uploader and Distributor Defendants' acts of vicarious copyright infringement, the Uploader and Distributor Defendants have obtained profits they would not have realized but for their vicarious infringement of Art Records' copyrights in the Subject Songs. Art Records is entitled to disgorgement of the Uploader and Distributor Defendants' respective profits attributable to their vicarious infringement of Art Records' copyrights in the Subject Songs, in an amount to be established at trial.

87.     Upon information and belief, the Uploader and Distributor Defendants have committed acts of vicarious copyright infringement with actual knowledge of, and/or in reckless disregard for, Art Records' copyrights in the Subject Songs, which renders those acts willful, intentional, and malicious.

## **Prayer for Relief**

### **(Against All Defendants)**

With respect to each claim for relief, Plaintiff demands judgment against Defendants as follows:

a. That Defendants, their agents and employees, and/or anyone working in concert with or on behalf of Defendants and/or their agents and employees, be enjoined from distributing, publicly performing, or exploiting in any way the Subject Songs without Plaintiff's authorization, including an Order requiring the Service Provider Defendants to remove all unauthorized copies of the Subject Songs from their Platform;

b.  That Plaintiff be awarded all Defendants' profits, plus all Plaintiff's losses, associated with Defendants' unauthorized uses and exploitation of the Subject Songs, the exact sum to be proven at the time of trial;

c.  That Plaintiff be awarded pre-judgment interest as allowed by law;

d.  That Plaintiff be awarded the costs of this action; and

e.  That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

Plaintiff demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

Respectfully submitted,

Dated: February 6, 2023        By:        */s/ Scott Alan Burroughs*
                                          Scott Alan Burroughs, Esq.
                                          Trevor W. Barrett, Esq.
                                          Frank Trechsel, Esq.
                                          Benjamin F. Tookey, Esq.
                                          DONIGER / BURROUGHS
                                          Attorneys for Plaintiff

SECOND AMENDED COMPLAINT