SARI LAW FIRM
Yakup Sari, Esq. (SBN:336030)
Address:540 N Golden Cir. Dr. #303
Santa Ana, CA 92705
Tel No.:949.426.5071
E-mail: info@sarilaw.us

Attorney for Plaintiff Art Records, LLC

# UNITED STATES DISTRICT COURT
## CENTRAL  DISTRICT OF CALIFORNIA

| | |
|---|---|
| ART RECORDS, LLC, a Delaware limited liability company, | Case No.:  2:2-cv-05179-DSF-KS |
| | **STATUS REPORT ON TURKISH PROCEEDING** |
| Plaintiffs, | |
| v. | |
| YOUTUBE LLC; Defendant; | |

By and through its attorneys of record, who are set forth below, Plaintiff Art Records, LLC ("Art Records") provides the attached Court Order regarding one of the pending Turkish Proceedings pursuant to this Court's Order (Dkt. 155).

**Brief Summary**

The dispute arose from claims by Avrupa Müzik Yapım Prodüksiyon against Gülten Ün (Gül Erda) and Art Records LLC, alleging phonogram producer rights over the album "Mor Hicranlar" and seeking to prevent supposed infringements.

The courts consistently found that the plaintiff failed to substantiate its claims and ultimately allowed the case to lapse due to lack of pursuit.

**Court Decisions:**

**Exhibit 1 – Yargıtay (Supreme Court of Appeals, 11th Civil Chamber, 10 February 2025)**

The Supreme Court rejected the plaintiff's appeal and affirmed the Regional Court's ruling. Held there was no procedural or legal error, confirming that the lawsuit was properly deemed "not filed."

**Exhibit 2 – İstanbul Regional Court of Appeal, 44th Civil Chamber (12 December 2024)**

The Regional Court dismissed the plaintiff's appeal on the merits. Confirmed that since the plaintiff failed to attend hearings and renew the case within the statutory period, the lawsuit was correctly deemed "not filed."

**Exhibit 3 – İstanbul 1st Intellectual and Industrial Property Rights Civil Court (26 June 2024)**

The plaintiff alleged ownership of phonogram producer rights over the album "Mor Hicranlar." It demanded recognition of its rights and prevention of alleged infringements by the defendants in both digital and non-digital platforms.

**Court's Findings**

i.   The court noted that at the hearing on 13 March 2024, the plaintiff failed to pursue the case.

ii.  More than three months elapsed without renewal of the proceedings.

iii. Under Article 150 of the Civil Procedure Code (HMK), if a case is left unattended and not renewed within the statutory period, it is deemed not filed.

iv.  The court confirmed that the plaintiff did not comply with the renewal obligation.

**Judgment:**

The court concluded that the plaintiff abandoned its own case and failed to act within legal deadlines. The lawsuit was struck down procedurally as never filed. Defendants Art Records LLC and Gülten Ün not only prevailed but were awarded substantial attorney fees and reimbursement of costs.

**Outcome:**

Across all levels—first instance, appeal, and Supreme Court—the plaintiff's case was dismissed, the lawsuit deemed not filed, and the defendants prevailed with costs and attorney fees awarded in their favor.

Dated: September 26, 2025

Respectfully Submitted
By: */s/ Yakup Sari*
Yakup Sari, Esq.
SARI LAW FIRM
Attorneys for Plaintiff

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT 1

STATUS REPORT ON TURKISH PROCEEDING



SUPREME COURT OF APPEALS
11TH CIVIL DIVISION
IN THE NAME OF TURKISH NATION
SUPREME COURTS OF APPEAL DECİSİON

Docket No: 2025/468
Decision No: 2025/673

THE REVIEWED DECISION

COURT: İstanbul Regional Court of Justice 44th Civil Division

DATE: 12.12.2024

DECISION NUMBER: 2024/1586/Docket, 2024/2063/Decision

PLAINTIFF: Avrupa Müzik Yapım Prodüksiyon Yayıncılık Ticaret Anonim Şirketi Attorney Lawyer
Burçak Sercan Sarıkaya

DEFENDANTS: 1. Gülten Ün
2. Art Records, LLC. attorney Lawyer Nazlı Tuba Çatı

FURTHER INTERVENTIONS: 1.Linked Rights Holder Phonogram Producers Professional
Association Mü-Yap
2. Soner Müzik Yapım ve Görüntü Hizmetleri Ticaret Limited Şirketi attorney Lawyer Hayati Şahin

COURT OF FIRST INSTANCE: Istanbul 1st Intellectual and Industrial Property Rights Civil Court
DATE: 26.06.2024
NUMBER: 2023/7 E,2024/168K.

The Regional Court of Justice decision was appealed by the plaintiff's attorney; as a result of the
preliminary examination in terms of finality, time limit, appeal conditions and other procedural
deficiencies, it was decided to accept the appeal petition and after listening to the report prepared
by the Investigation Judge, the documents in that file were examined and ordered and adjudged:

I. CASE: In his petition, the plaintiff's attorney requested that the client company own the
phonogram rights of 1 music album named 'Mor Hicranlar' within the scope of Article 80 of the Law
on Intellectual and Artistic Works No. 5846 (FSEK) and that a decision be made to prevent possible
infringement within the scope of Article 69 of FSEK by preventing possible publications of
the music albums in question in all digital and non-digital media without the permission of the client
company as a result of the defendants' clear statements, written transactions and actions.

II. RESPONSE: In his response petition, the defendant Art Records, LLC. attorney requested the
dismissal of the case.

III. COURT OF FIRST INSTANCE
With the decision of the First Instance Court, the date and number of which are stated above, it
was decided that the lawsuit was deemed not to have been filed in accordance with Article 150 of
the Code of Civil Procedure No. 6100 (HMK), and the judgment was appealed by the plaintiff.



I certify that the foregoing is a true and genuine translation of the original attached.

Sıraselviler Cad. No:3 Cengaver Han
Kat:4 D:5 Taksim, İstanbul
Tel: +90 212 916 23 22
E-mail: aciltercume@gmail.com



NOTER YEMİNLİ TERCÜME HİZMETLERİ
NOTARY PUBLIC CERTIFIED
SWORN TRANSLATION SERVICES

This document has been signed electronically in accordance with the provisions of Law No. 5070.

Main No. 2025/468

Decision No. :2025/673

IV. APPEAL: The above-mentioned decision of the Regional Court of Justice and Article 150 of the Civil Procedure Code. In the paragraph, it is stated that if the parties who were duly invited do not come to the hearing or do not come and declare that they will not follow the case, the file will be removed from the process, in the paragraphs 5 and 6, the cases that are not renewed within three months starting from the date of removal from the process will be deemed not to have been opened as of the day the period expires and the court will decide on its own and close the record, the case that has been decided to be removed from the process and renewed subsequently cannot be left unattended more than once after the first renewal, otherwise the case will be deemed not to have been filed, the plaintiff's attorney attended the hearing dated 11.30.2023, was informed about the next hearing date and time dated 03.13.2024, did not attend this session where the file was removed from the process and did not submit an excuse, the file that was not followed by the parties will be removed from the process and 3 months Considering that the decision to consider the case as not filed at the end of the period was not contrary to procedure and law, that there was no legal obligation for the court to notify the interim decision to remove the case after the plaintiff was duly invited and informed of the hearing date and time, and that the outcome of the hearing could be followed by the attorneys of the parties through the National Judiciary Network Project, it was decided to reject the application on the grounds that the plaintiff had an obligation to follow the case and that this obligation was not fulfilled without an excuse, and the decision was appealed by the plaintiff.

V. APPEAL

A. Case and Legal Characterization
The case is about the determination of authorship and the request to prevent possible infringement
B. Evaluation and Justification
Considering the legal rules that should be applied in terms of the trial and the concrete dispute determined, it was concluded that there was no error in the decision given by the First Instance Court, and since it was concluded that the decision of the Regional Court of Justice regarding the rejection of the appeal filed on the merits in accordance with Article 353/1-b(1) of the Code of Civil Procedure No. 6100 (HMK) was in accordance with the procedure and law, it was necessary to decide to approve the decision of the Regional Court of Justice.

VI. CONCLUSION: For the reasons explained above, it was unanimously decided on 10.02.2025 that the plaintiff's appeals were rejected and the decision given by the Regional Court of Justice was APPROVED in accordance with Article 370/1 of the Civil Procedure Code, that the case file be sent to the Court of First Instance and a copy of the decision be sent to the Regional Court of Justice in order to be processed in accordance with Article 372 of the same Law, and that there was no need to collect any other fees since the appeal fee was collected in advance.

President Abdullah Yaman

Member Mehmet Tunç
Member İsmail Yavuz
Member Döndü Deniz Bilir
Member Okan Albayrak

M.K.
Compared T.G.S.D.

I certify that the foregoing is
a true and genuine translation
of the original attached.

Sıraselviler Cad. No:3 Cengaver Han
kat:4 D:5 Taksim, İstanbul
Tel: +90 212 916 23 22

This document was signed electronically in accordance with the provisions of Law No. 5070,
[QR-CODE]



**T. C.**
**Y A R G I T A Y**
**1 1 .   H U K U K   D A İ R E S İ**

**T Ü R K   M İ L L E T İ   A D I N A**
**Y A R G I T A Y   İ L Â M I**

| | |
|---|---|
| **Esas   No** | : 2025/468 |
| **Karar No** | : 2025/673 |

**İNCELENEN KARARIN**

| | |
|---|---|
| **MAHKEMESİ** | : İstanbul Bölge Adliye Mahkemesi 44. Hukuk Dairesi |
| **TARİHİ** | : 12.12.2024 |
| **SAYISI** | : 2024/1586 Esas, 2024/2063 Karar |
| **DAVACI** | : Avrupa Müzik Yapım Prodüksiyon Yayıncılık Ticaret Anonim Şirketi vekili Avukat Burçak Sercan Sarıkaya |
| **DAVALILAR** | : 1.Gülten Ün |
| | 2.Art Records LLC. vekili Avukat Nazlı Tuba Çatı |
| **FER'Î MÜDAHİL** | : Mü-Yap Bağlantılı Hak Sahibi Fonogram Yapımcıları Meslek Birliği vekili Avukat Hayati Şahin |
| **İLK DERECE MAHKEMESİ** | : İstanbul 1. Fikrî ve Sınaî Haklar Hukuk Mahkemesi |
| **TARİHİ** | : 26.06.2024 |
| **SAYISI** | : 2023/7 E., 2024/168 K. |

Bölge Adliye Mahkemesi kararı davacı vekili tarafından temyiz edilmekle; kesinlik, süre, temyiz şartı ve diğer usul eksiklikleri yönünden yapılan ön inceleme sonucunda, temyiz dilekçesinin kabulüne karar verildikten ve Tetkik Hâkimi tarafından hazırlanan rapor dinlendikten sonra dosyadaki belgeler incelenip gereği düşünüldü:

**KARAR**

**I. DAVA**

Davacı vekili dava dilekçesinde; **"Mor Hicranlar"** adlı 1 adet müzik albümünün; 5846 sayılı Fikir ve Sanat Eserleri Kanunu'nun (FSEK) 80. maddesi kapsamında fonogram yapımcısı haklarına müvekkili şirketin sahip olduğunun tespiti ile müvekkil şirketin yazılı izni olmaksızın dava konusu müzik albümlerinin davalıların açık beyan, yazılı işlemleri ve eylemleri neticesinde müvekkilden izin almaksızın dijital ve dijital olmayan tüm mecralarda yapılacak olası yayınlarının engellenmesi suretiyle FSEK'in 69. maddesi uyarınca kapsamında olası tecavüzün önlenmesine karar verilmesini talep etmiştir.

**II. CEVAP**

Davalı Art Records, LLC. vekili cevap dilekçesinde; davanın reddini istemiştir.

**III. İLK DERECE MAHKEMESİ KARARI**

İlk Derece Mahkemesinin yukarıda tarih ve sayısı belirtilen kararı ile 6100 sayılı Hukuk Muhakemeleri



**Esas No :** 2025/468
**Karar No :** 2025/673

Kanunu'nun (HMK) 150. maddesi uyarınca davanın açılmamış sayılmasına karar verilmiş, hüküm davacı tarafça istinaf edilmiştir.

## IV. İSTİNAF

Bölge Adliye Mahkemesinin yukarıda tarih ve sayısı belirtilen kararı ile HMK'nın 150. maddesinin 1. fıkrasında usulüne uygun şekilde davet edilmiş olan taraflar, duruşmaya gelmedikleri veya gelip de davayı takip etmeyeceklerini bildirdikleri takdirde dosyanın işlemden kaldırılmasına karar verileceği, 5. ve 6. fıkralarında ise işlemden kaldırıldığı tarihten başlayarak üç ay içinde yenilenmeyen davaların, sürenin dolduğu gün itibarıyla açılmamış sayılacağı ve mahkemece kendiliğinden karar verilerek kaydın kapatılacağı, işlemden kaldırılmasına karar verilmiş ve sonradan yenilenmiş olan davanın, ilk yenilenmeden sonra bir defadan fazla takipsiz bırakılamayacağı, aksi hâlde dava açılmamış sayılacağı hükmünün yer aldığı, davacı vekilinin 30.11.2023 tarihli duruşmaya katıldığı, bir sonraki 13.03.2024 tarihli duruşma gün ve saatinden haberdar olduğu, dosyanın işlemden kaldırıldığı bu oturuma katılmadığı ve mazeret bildirmediği, taraflarca takip edilmeyen dosyanın işlemden kaldırılması ve 3 aylık sürenin sonunda davanın açılmamış sayılmasına karar verilmiş olmasının usul ve yasaya aykırı olmadığı,mahkemece davacı usulüne uygun davet edilip duruşma gün ve saatinden haberdar olduktan sonra, işlemden kaldırma ara kararını tebliğ etmesi gerektiğine yönelik yasal bir zorunluluk bulunmadığı, Ulusal Yargı Ağı Projesi üzerinden duruşmanın akıbetinin taraf vekillerince takip edilebildiği de gözetildiğinde davacının davasını takip etmek yükümlülüğü bulunduğu ve bu yükümlülüğün mazeretsiz olarak yerine getirilmediği gerekçesiyle başvurunun esastan reddine karar verilmiş, hüküm davacı tarafça temyiz edilmiştir.

## V. TEMYİZ
### A. Dava ve Hukuki Nitelendirme
Dava, eser sahipliğinin tespiti, olası tecavüzün önlenmesi istemine ilişkindir.

### B. Değerlendirme ve Gerekçe
Yapılan yargılama ve saptanan somut uyuşmazlık bakımından uygulanması gereken hukuk kuralları gözetildiğinde İlk Derece Mahkemesince verilen kararda bir isabetsizlik olmadığının anlaşılmasına göre yapılan istinaf başvurusunun 6100 sayılı Hukuk Muhakemeleri Kanunu'nun (HMK) 353/1-b(1) hükmü uyarınca Bölge Adliye Mahkemesince esastan reddine ilişkin kararın usul ve yasaya uygun olduğu kanısına varıldığından Bölge Adliye Mahkemesi kararının onanmasına karar vermek gerekmiştir.

**VI. SONUÇ:** Yukarıda açıklanan nedenlerle, davacının temyiz itirazlarının reddi ile Bölge Adliye Mahkemesince verilen kararın HMK'nın 370/1 hükmü uyarınca **ONANMASINA**, aynı Kanun'un 372. maddesi uyarınca işlem yapılmak üzere dava dosyasının İlk Derece Mahkemesine, kararın bir örneğinin Bölge Adliye Mahkemesine gönderilmesine, temyiz harcı peşin alındığından başkaca harç alınmasına mahal olmadığına, 10.02.2025 tarihinde kesin olarak oy birliğiyle karar verildi.

| Başkan | Üye | Üye | Üye | Üye |
|---|---|---|---|---|
| Abdullah Yaman | Mehmet Tunç | İsmail Yavuz | Döndü Deniz Bilir | Okan Albayrak |

M.K.
Karşılaştırıldı T.G.
S.D.

Bu belge 5070 sayılı Yasa hükümlerine göre elektronik olarak imzalanmıştır.



1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT 2

STATUS REPORT ON TURKISH PROCEEDING



Republic of Turkey
ISTANBUL REGIONAL COURT OF JUSTICE
44TH CIVIL DIVISION
TURKISH NATIONAL COURT OF APPEALS
ISTANBUL COURT OF INDUSTRIAL AND INTELLECTUAL RIGHTS
FILE NO: 2024/1586
DECISION NO: 2024/2063

CHAIRMAN: FUNDA DOĞAN AKDERE (38237)
MEMBER: NİLÜFER KIRHAN ORCAN (38762)*
MEMBER: İLKAY KONURALP OĞUR (120690)
CLERK: EZGİ ZEYNEP NARKUZ (242984)

REVIEWED DECISION
COURT DATE: 26/06/2024
NUMBER: Istanbul 1. Intellectual and Industrial Rights Civil Court
: 2023/7 E. - 2024/168 K.
PLAINTIFF: AVRUPA MÜZIK PRODUCTION PRODUCTION PUBLISHING COMMERCE, INC.
ATTORNEY: Lawyer BURÇAK SERCAN SARIKAYA
Balmumcu Mah. Zincirlikuyu Yolu Street 5/1 Beşiktaş/ İstanbul
DEFENDANTS : 1 -GÜLTEN ÜN-56227031174
: 2 -ART RECORDS LLC
ATTORNEY : Av. NAZLI TUBA ÇATI- [16003-00142-74833] UETS

SECONDARY INTERVENOR: MÜ-YAP RELATED RIGHTS HOLDER PHONOGRAMPRODUCERS
PROFESSIONAL ASSOCIATION

# ATTORNEY: Av. HAYATİ ŞAHİN
# [16315-13237-58995] UETS

SUBJECT OF THE CASE: Rejection, Prevention and Compensation of Violation of Rights Arising from
Ownership of Intellectual and Artistic Works
APPELLATE DECISION DATE: 12/12/2024
DECISION WRITING DATE: 12/12/2024
As a result of the examination conducted on the appeal to the appeal against the decision of the first instance
court written above;
IT WAS DECIDED AS NECESSARY:
Claims and Defenses of the Parties:
The plaintiff's attorney summarized in his lawsuit petition; 1 music album named "Mor Hicranlar", which
includes the Defendant Gülten Ün, known to the public as "Gül Erda"; Within the scope of FSEK article 80,
it has been requested that the client company owns the phonogram producer rights and that the possible
publications of the music albums in question in digital and non-digital media without the written permission
of the client company as a result of the defendants' clear statements, written transactions and actions be
prevented in order to prevent possible infringement within the scope of FSEK article 69.

The defendant Art Records, LLC. attorney has requested in his response petition that the unfair and
unfounded lawsuit be REJECTED in substance, and that the rejection of his requests, provided that it does
not mean acceptance, determine that the rights of the plaintiff only cover physical carriers such as cassettes
and CDs, and do not cover digital rights.

You can access this document in the UYAP Information System from http://vatandas.uyap.gov.tr with
t/vs1VE - s6ymmhd - KIQwSPk - Hg/xFY=.
REPUBLIC OF TURKEY ISTANBUL BAM 44TH CIVIL DIVISION Case-Decision No: 2024/1586 -
2024/2063
First Instance Court Decision:
The Court has ruled; "The case that was left unattended by the parties at the hearing of our court dated
13/03/2024 has been left to application and since more than three months have passed, the case shall be
CONSIDERED NOT FILED in accordance with Article 150 of the Civil Procedure Code."



NOTER YEMİNLİ TERCÜME HİZMETLERİ
NOTARY PUBLIC CERTIFIED
SWORN TRANSLATION SERVICE

**Advanced Reasons for Appeal:**

The plaintiff's attorney has filed an appeal within the time limit and the plaintiff's attorney has summarized in his appeal petition; In the hearing dated March 13, 2024, it was decided to remove the file from processing, and on June 26, 2024, it was decided to consider the file unopened, and the reasoned decision was notified to the parties on October 7, 2024, the parties were not notified that the file was removed from processing, and the hearing where the decision to remove the file from processing was decided should be notified to the parties in order to be renewed, and requested the acceptance of the appeal request and the cancellation of the decision given by the court.

**Answer to the Appeal:**

In his response to the appeal, the defendant's attorney summarized; The plaintiff's attorneys stated that they attended the last hearing in the current file dated 13.03.2024, that they did not attend the subsequent hearing, that according to their statements, they did not question the outcome of the file for 7 months, that more than 20 lawsuits of the same type were filed against the client company by the plaintiff and its sister companies and that they only left certain cases to appeal, that they appealed the reasoned decisions in order to delay the attorney fees awarded against them, that the plaintiff acted in bad faith, that he acted in order to eliminate or delay the attorney fees awarded in favor of the parties by abusing the "Right to a Fair Trial", one of the founding principles of the legal order, and that the plaintiff's appeal request be rejected and the court decision be approved.

**Reason and Conclusion:**

In accordance with Article 355 of the Civil Procedure Code, excluding issues that constitute a violation of public order,

in the examination conducted limited to the reasons and justifications for appeal;

The case is related to the determination of authorship and the request to prevent possible infringement. It is seen that the case file, which was left unattended by the parties at the hearing dated 13/03/2024, was removed from the process by the court, and since more than three months had passed, it was decided that the case should be deemed not to have been filed in accordance with Article 150 of the Civil Procedure Code. As is known, Article 150, paragraph 1 of the Code of Civil Procedure No. 6100 (HMK) states that if the parties duly invited do not attend the hearing or do not attend and declare that they will not pursue the case, the file will be decided to be removed from the process, and paragraphs 5 and 6 state that the cases that are not renewed within three months from the date of removal from the process will be deemed not to have been opened as of the day the period expires and the court will automatically make a decision and close the record, and the case that was decided to be removed from the process and was renewed later cannot be left unattended more than once after the first renewal, otherwise the case will be deemed not to have been filed. In the examination of the documents in the file, it was understood that the plaintiff's attorney attended the hearing dated 11.30.2023, was informed about the next hearing date and time dated 03.30.2024, and did not attend this session where the file was removed from the process and did not submit an excuse, that there was no irregularity in the decision to remove the file that was not followed by the parties from the process and to consider the case as not opened at the end of the 3-month period, according to the legal regulation summarized above, although the plaintiff's attorney claimed that the decision to remove the process was not notified,

there is no legal obligation for the court to notify the interim decision to remove the process after the plaintiff was duly invited and informed about the hearing date and time,

considering that the outcome of the hearing can be followed by the party attorneys via UYAP, it is understood that the plaintiff has an obligation to follow his case and this obligation was not fulfilled without an excuse, and the appeal request It was concluded that the plaintiff's attorney's appeal should be rejected on the merits in accordance with Article 353/1-b/1 of the Civil Procedure Law No. 6100, and the following ruling was made.

You can access this document in the UYAP Information System at http://vatandas.uyap.gov.tr with t/vs1VE - s6ymmahd - KlQwSPk - Hg/xFY=
true and genuine translation

REPUBLIC OF TURKEY ISTANBUL BAM 44TH CIVIL SERVICE DEPARTMENT Case-Decision No: 2024/1586 - 2024/2063

JUDGMENT: As explained above, the reasoning;

1- The appeal request made by the plaintiff's attorney against the decision numbered 2023/7 E., 2024/168 K. dated 26/06/2024 of the Istanbul 1st Intellectual and Industrial Property Rights Civil Court in accordance with the procedure and law, Article 353/1-b/1 of the Civil Procedure Code No. 6100. ARTICLE 2- REJECTION ON THE PRINCIPLES,

2- Since the 427.60 TL appeal decision fee, which should be collected in accordance with the Law on Fees No. 492, was paid in advance by the plaintiff, there is no need to collect the fee again,

3- The trial expenses incurred by the plaintiff during the appeal phase should be left on top,
4- Since the examination was conducted without a hearing, there is no need to determine the attorney's fee for the parties,

5- The unspent part of the expense advance paid by the parties should be returned when the decision becomes final,

As a result of the examination conducted on the file, it was unanimously decided that the way to appeal to the Superior Court of Appeals within 2 weeks from the notification of the decision is open in accordance with Article 361/1 of the Civil Procedure Law No. 6100, amended by Article 31 of Law No. 7035 dated 20/07/2017. 12/12/2024
President 38237
e-signed
Member 38762
e-signed
Member 120690
e-signed
Clerk 242984
e-signed



I certify that the foregoing is a true and genuine translation of the original attached.

**T.C.**
**İSTANBUL**
**BÖLGE ADLİYE MAHKEMESİ**
**44. HUKUK DAİRESİ**

**TÜRK MİLLETİ ADINA**
**İSTİNAF MAHKEMESİ KARARI**

DOSYA NO           : 2024/1586
KARAR NO          : 2024/2063

BAŞKAN             : FUNDA DOĞAN AKDERE (38237)
ÜYE                : NİLÜFER KIRHAN ORCAN (38762)*
ÜYE                : İLKAY KONURALP OĞUR (120690)
KATİP             : EZGİ ZEYNEP NARKUZ (242984)

**İNCELENEN KARARIN**
MAHKEMESİ     : İstanbul 1. Fikrî ve Sınaî Haklar Hukuk Mahkemesi
TARİHİ            : 26/06/2024
NUMARASI       : 2023/7 E. - 2024/168 K.

DAVACI            : AVRUPA MÜZİK YAPIM PRODÜKSİYON YAYINCILIK TİCARET ANONİM ŞİRKETİ
VEKİLLERİ        : Av. BURÇAK SERCAN SARIKAYA
                         Balmumcu Mah. Zincirlikuyu Yolu Sok. 5/1 Beşiktaş/ İstanbul
DAVALILAR      : 1 -GÜLTEN ÜN-56227031174
                         : 2- ART RECORDS LLC
VEKİLİ            : Av. NAZLI TUBA ÇATI- [16003-00142-74833] UETS
FERİ MÜDAHİL  : MÜ-YAP BAĞLANTILI HAK SAHİBİ FONOGRAM YAPIMCILARI MESLEK BİRLİĞİ
VEKİLİ            : Av. HAYATİ ŞAHİN
                         [16315-13237-58995] UETS

DAVANIN KONUSU  : Fikir Ve Sanat Sanat Eseri Sahipliğinden Kaynaklanan Haklara Tecavüzün Refi, Önlenmesi Ve Tazmini
İSTİNAF KARAR TARİHİ  : 12/12/2024
KARAR YAZIM TARİHİ    : 12/12/2024

      Yukarıda yazılı ilk derece mahkemesi kararına karşı, istinaf yasa yoluna başvurulması üzerine yapılan inceleme sonucunda;

**GEREĞİ DÜŞÜNÜLDÜ:**

**Tarafların İddia ve Savunmaları:**

      **Davacı vekili dava dilekçesinde özetle;** Davalı Gülten Ün kamuoyunda bilinen adıyla *"Gül Erda"*nın olduğu, **"Mor Hicranlar"** adlı 1 adet müzik albümünün; FSEK md.80 kapsamında fonogram yapımcısı haklarına müvekkili şirketin sahip olduğunun tespiti ile müvekkil şirketin yazılı izni olmaksızın dava konusu müzik albümlerinin davalıların açık beyan, yazılı işlemleri ve eylemleri neticesinde müvekkilden izin almaksızın dijital ve dijital olmayan tüm mecralarda yapılacak olası yayınlarının engellenmesi suretiyle FSEK mad. 69 kapsamında olası tecavüzün önlenmesine karar verilmesini talep etmiştir.

      **Davalı Art Records, LLC. vekili cevap dilekçesinde özetle;** Haksız ve dayanaksız olarak açılan davanın esastan REDDİNİ, taleplerinin reddedilmesi halinde, kabul anlamına gelmemek kaydıyla davacıya ait hakların sadece kaset ve CD gibi fiziki taşıyıcıları kapsadığını, dijital hakları kapsamadığının tespitini talep etmiştir.

1/3

**T.C. İSTANBUL BAM  44. HUKUK DAİRESİ**    Esas-Karar No: 2024/1586 - 2024/2063

**İlk Derece Mahkemesi Kararı:**

Mahkemece; "Mahkememizin 13/03/2024 tarihli duruşmasında taraflar tarafından takipsiz bırakılan dava müracaata kalmış ve aradan üç ayı aşkın bir zaman geçtiğinden davanın H.M.K.'nın 150. maddesi uyarınca DAVANIN AÇILMAMIŞ SAYILMASINA, " karar verilmiştir.

**İleri Sürülen İstinaf Sebepleri:**

**Davacı vekili tarafından süresinde istinaf yoluna başvurulmuş olup, davacı vekili istinaf dilekçesinde özetle;** 13 Mart 2024 tarihli duruşmada dosyanın işlemden kaldırılmasına, 26 Haziran 2024 tarihinde ise dosyanın açılmamış sayılmasına karar verildiğini ve gerekçeli karar taraflarına 7 Ekim 2024 tarihinde tebliğ edildiğini, dosyanın işlemden kaldırıldığı hususu taraflarına tebliğ edilmediğini, dosyanın işlemden kaldırılmasına karar verilen duruşmanın yenilenebilmesi için taraflarına tebliğ edilmesi gerektiğini beyanla istinaf isteminin kabulü ile mahkemece verilen kararın kaldırılmasını talep etmiştir.

**İstinafa Cevap:**

**Davalı vekili istinafa cevap dilekçesinde özetle;** davacı vekilleri, mevcut dosyada en son 13.03.2024 tarihli duruşmaya katıldığını, devamında yapılan duruşmaya katılmadığını, ifadelerine göre 7 ay boyunca dosyanın akıbetini sorgulamadıklarını, davacı ve kardeş şirketleri tarafından müvekkil şirkete karşı aynı nevideb 20'den fazla dava açıldığını ve sadece belirli özellikteki davaları müracaata bıraktıklarını, aleyhe hükmedilen vekalet ücretlerini geciktirmek adına gerekçeli karar yazılanları istinaf ettiklerini, davacının kötüniyetle hareket ettiğini, kanuni düzenin kurucu ilkelerinden "Adil Yargılanma Hakkı"nı kötüye kullanarak tarafları lehine hükmedilen vekalet ücretini bertaraf etmek veya geciktirmek amacıyla hareket ettiğinden davacının istinaf reddine mahkeme kararının onanmasını karar verilmesini talep etmiştir.

**Gerekçe ve Sonuç:**

HMK'nın 355. Maddesi gereği, kamu düzenine aykırılık teşkil eden hususlar hariç tutularak, istinaf neden ve gerekçeleri ile sınırlı olmak üzere yapılan incelemede;

Dava eser sahipliğinin tespiti , olası tecavüzün önlenmesi istemine ilişkindir.

Mahkemece 13/03/2024 tarihli duruşmada taraflar tarafından takipsiz bırakılan dava dosyasının işlemden kaldırıldığı , üç ayı aşkın bir zaman geçtiğinden, H.M.K.'nın 150. maddesi uyarınca davanın açılmamış sayılmasına karar verildiği görülmektedir.

Bilindiği üzere 6100 Sayılı Hukuk Muhakemeleri Kanununun (HMK) 150. maddesinin 1. fıkrasında usulüne uygun şekilde davet edilmiş olan taraflar, duruşmaya gelmedikleri veya gelip de davayı takip etmeyeceklerini bildirdikleri takdirde dosyanın işlemden kaldırılmasına karar verileceği, 5. ve 6. fıkralarında ise işlemden kaldırıldığı tarihten başlayarak üç ay içinde yenilenmeyen davaların, sürenin dolduğu gün itibarıyla açılmamış sayılacağı ve mahkemece kendiliğinden karar verilerek kaydın kapatılacağı, işlemden kaldırılmasına karar verilmiş ve sonradan yenilenmiş olan davanın, ilk yenilenmeden sonra bir defadan fazla takipsiz bırakılamayacağı, aksi hâlde dava açılmamış sayılacağı hususları düzenlenmiştir.

Dosya kapsamında bulunan belgelerin incelenmesinde, davacı vekilinin 30.11.2023 tarihli duruşmaya katıldığı , bir sonraki 30.03.2024 tarihli duruşma gün ve saatinden haberdar olduğu ve dosyanın işlemden kaldırıldığı bu oturuma katılmadığı ve mazeret bildirmediği , taraflarca takip edilmeyen dosyanın işlemden kaldırılması ve 3 aylık sürenin sonunda davanın açılmamış sayılmasına karar verilmiş olmasında yukarıda özetlenen yasal düzenleme uyarınca usule aykırılık bulunmadığı, davacı vekili , işlemden kaldırma kararının tebliğ edilmediğini ileri sürmüş ise de , mahkemece davacı usulüne uygun davet edilip duruşma gün ve saatinden haberdar olduktan sonra , işlemden kaldırma ara kararının tebliğ etmesi gerektiğine yönelik yasal bir zorunluluk bulunmadığı , UYAP üzerinden duruşmanın akıbetinin taraf vekillerince takip edilebildiği de gözetildiğinde davacının davasını takip etmek yükümlülüğü bulunduğu ve bu yükümlülüğün mazeretsiz olarak yerine getirilmediği anlaşılmakla istinaf talebinin reddi gerektiği sonucuna varılmıştır.

Davacı vekilinin istinaf başvurusunun 6100 Sayılı HMK'nın 353/1-b/1. maddesi gereğince esastan reddine karar verilmesi gerektiği kanaat ve sonucuna varılarak aşağıdaki hüküm kurulmuştur.



2/3



T.C. İSTANBUL BAM  44. HUKUK DAİRESİ    Esas-Karar No: 2024/1586 - 2024/2063

**HÜKÜM: Gerekçesi yukarıda açıklandığı üzere;**

1- Usûl ve yasaya uygun İstanbul 1. Fikrî ve Sınaî Haklar Hukuk Mahkemesi'nin 26/06/2024 tarih ve 2023/7 E., 2024/168 K. sayılı kararına karşı davacı vekili tarafından yapılan istinaf talebinin 6100 Sayılı HMK'nın 353/1-b/1. maddesi gereğince ESASTAN REDDİNE,

2- 492 Sayılı Harçlar Kanunu gereğince alınması gereken 427,60 TL istinaf karar harcı davacı tarafından peşin yatırıldığından yeniden harç alınmasına yer olmadığına,

3- Davacı tarafça istinaf aşamasında yapılan yargılama giderlerinin üzerinde bırakılmasına,

4- İncelemenin duruşmasız olarak yapılması sebebiyle taraflar yararına vekalet ücreti tayinine yer olmadığına,

5- Taraflarca yatırılan gider avansından harcanmayan kısmın karar kesinleştiğinde iadesine,

Dosya üzerinde yapılan inceleme sonucunda, 20/07/2017 tarih ve 7035 Sayılı Kanunun 31. maddesiyle değişik 6100 Sayılı HMK'nın 361/1. maddesi gereğince, kararın tebliğinden itibaren 2 hafta içerisinde  Yargıtay'a temyiz başvurusunda bulunma yolu açık olmak üzere, oy birliğiyle karar verildi. 12/12/2024

| Başkan 38237 | Üye 38762 | Üye 120690 | Katip 242984 |
|---|---|---|---|
| 🔒 e-imzalıdır | 🔒 e-imzalıdır | 🔒 e-imzalıdır | 🔒 e-imzalıdır |





UYAP Bilişim Sistemindeki bu dokümana http://vatandas.uyap.gov.tr adresinden  t/vs1VE - s6ymmhd - KIQwSPk - Hg/xFY= ile erişebilirsiz

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT 3

STATUS REPORT ON TURKISH PROCEEDING

## IN THE NAME OF THE TURKISH NATION

### REPUBLIC OF TÜRKİYE
### ISTANBUL
### 1st CIVIL COURT OF INTELLECTUAL AND INDUSTRIAL RIGHTS

**REASONED DECISION**

| | |
|---|---|
| **CASE NO** | : Case 2023/7 |
| **DECISION NO** | : 2024/168 |
| **JUDGE** | : Furkan BERBER 198627 |
| **CLERK** | : Özge UZUNÇELEBİ 229067 |
| **PLAINTIFF** | : AVRUPA MÜZİK YAPIM PRODÜKSİYON YAYINCILIK TİCARET ANONİM ŞİRKETİ - 0837012279800018 |
| **ATTORNEY** | : Att. BURÇAK SERCAN SARIKAYA - Balmumcu Mah. Zincirlikuyu Yolu Sok. 5/1, 34349, Beşiktaş, İstanbul Beşiktaş/ İSTANBUL |
| **DEFENDANT** | : 1- ART RECORDS LLC - Akat Mah. Orkide Sk. Park Maya Sitesi Barkley 2L Daire 17 Beşiktaş/İSTANBUL |
| **ATTORNEY** | : Att. NAZLI TUBA ÇATI - [16003-00142-74833] UETS |
| **DEFENDANT** | : 2- GÜLTEN ÜN -56227031174 Gayrettepe Mah. Hattat Halim Sk. No:3 İç KapıNo:20 Beşiktaş/İSTANBUL |
| **ATTORNEY** | : Att. NAZLI TUBA ÇATI - [16003-00142-74833] UETS |
| **SECONDARY INTERVENER(S)** | : MÜ-YAP BAĞLANTILI HAK SAHİBİ FONOGRAM YAPIMCILARI MESLEK BİRLİĞİ - -Kuloğlu, Turnacıbaşı Cd. No: 10, 34433 Beyoğlu/ İSTANBUL |
| **ATTORNEY** | : Att. ECEM EYLÜL ENGİN |
| | : Att. HAYATİ ŞAHİN |
| **ACTION** | : Prohibition, Prevention and Compensation of Infringement of Rights Arising from Ownership of Intellectual and Artistic Works |
| **DATE OF ACTION** | : 05/01/2023 |
| **DATE OF DECISION** | : 26/06/2024 |
| **RECORD DATE OF REASONED DECISION** | : 26/06/2024 |

At the end of the open trial of the case of Prohibition, Prevention and Compensation of Infringement of Rights Arising from the Ownership of Intellectual and Artistic Works of Art, which is being heard in our court, it was understood that the case was not renewed within the legal period of three months from 13/03/2024, when the file was removed from the process, and the judgment was made as follows.

### IT IS HEREBY ORDERED AND ADJUDGED THAT:

1-In the hearing of our court dated 13/03/2024, the lawsuit, which was left unpursued by the parties, was subject to application and since more than three months have passed, the lawsuit BE ACCEPTED FILED CASE AS NON FILED in accordance with Article 150 of the Code of Civil Procedure,

| İşbu belge Türkçe dilinden İngilizce diline tarafımdan, ibraz edilen asıl nüshasına uygun olarak tercüme edilmiştir. Dosya No: S-2024-111597 Yeminli Mütercim: SELİN YÜKSEL | I certify that the foregoing is a true and genuine translation of the original attached. Translated from Turkish to English by SELİN YÜKSEL   A sworn translator of our office File No: S-2024-11597 |
|---|---|

EYLÜL ÇEVİRİ DAN. VE YAY.HİZ. LTD.ŞTİ.
MERKEZ  Koşuyolu Cad. Lambacı Sokak
Ateşoğlu Apt. A Blok No:15 Kadıköy/İSTANBUL
ŞUBELER        ARŞEHİR        İZMİR
İBADİLER        BİHTİM        ÜSRANYE        ANKARA
KADIKÖY V.D.:383 004 9179/ TEL: 0850 532 1990
www.eylulceviri.com

1/2

REPUBLIC OF TÜRKİYE ISTANBUL 1st CIVIL COURT OF INTELLECTUAL AND INDUSTRIAL RIGHTS                    CASE - DECISION NO: 2023/7 CASE - 2024/168

    2-TRY 427,60 judgment fee be deducted from the advance fee of TRY 179,90 and the remaining TRY 247,70 fee be collected from the plaintiff and recorded as revenue to the treasury,

    3-The attorney fee of TRY 25,500 pursuant to the attorney fee tariff be collected from the plaintiff and given to the defendants in half (TRY 12,750 each) since the decision of accepting filed case as non filed is based on the same reason for both defendants, and there is no need for an attorney's fee assessment since the secondary intervener does not have the status of a defendant,

    4- The court expenses incurred by the plaintiff be borne by the plaintiff,

    5-The court expenses of TRY 158,50 incurred by the defendant ART RECORDS LLC be collected from the plaintiff and given to the said defendant,

    6- The advance payment for expenses be refunded to the parties when this judgment becomes final and upon request,

    It has been resolved in the absence of the parties to grant them the right of appeal within 2 weeks from the notification of the reasoned decision. 26/06/2024

Clerk 229067                                             Judge 198627

*e-signed*                                                *e-signed*

---

| İşbu belge Türkçe dilinden İngilizce diline tarafımdan, ibraz edilen asıl nüshasına uygun olarak tercüme edilmiştir.<br>Dosya No: S-2024-11597<br>Yeminli Mütercim: SELİN YÜKSEL | I certify that the foregoing is a true and genuine translation of the original attached.<br>Translated from Turkish to English by<br>SELİN YÜKSEL   A sworn translator of our office<br>File No: S-2024-11597 |
| --- | --- |

EYLÜL ÇEVİRİ DAN. VE YAY. HİZ. LTD. ŞTİ.
MERKEZ: Koşuyolu Cad. Lambacı Sokak Ateşoğlu Apt. A Blok No:1/5 Kadıköy/İSTANBUL
ŞUBELER       LEVENT       ATAŞEHİR       İZMİR
İNGİLTERE       RIHTIM       ÜMRANİYE       ANKARA
KADIKÖY V.D.:383 004 9126 / TEL. 0850 532 1990
www.eylulceviri.com

You can access to this document available on UYAP (National Judiciary Informatics System) on http://vataiidas.uyap.gov.tr with the code 2UPizpn - QCxfTvE - VMwJPhQ - WooYCU =.



**TÜRK MİLLETİ ADINA**

**T.C.**
**İSTANBUL**
**1.FİKRÎ VE SINAÎ HAKLAR HUKUK MAHKEMESİ**

**GEREKÇELİ KARAR**

| | |
|---|---|
| **ESAS NO** | : 2023/7 Esas |
| **KARAR NO** | : 2024/168 |
| | |
| **HAKİM** | : Furkan BERBER  198627 |
| **KATİP** | : Özge UZUNÇELEBİ  229067 |
| | |
| **DAVACI** | : AVRUPA MÜZİK YAPIM PRODÜKSİYON YAYINCILIK TİCARET ANONİM ŞİRKETİ - 0837012279800018 |
| **VEKİLİ** | : Av. BURÇAK SERCAN SARIKAYA - Balmumcu Mah. Zincirlikuyu Yolu Sok. 5/1, 34349, Beşiktaş, İstanbul Beşiktaş/ İSTANBUL |
| | |
| **DAVALI** | : 1- ART RECORDS LLC -  Akat Mah. Orkide Sok. Park Maya Sitesi Barkley 2L D.17 Beşiktaş/ İSTANBUL |
| **VEKİLİ** | : Av. NAZLI TUBA ÇATI - [16003-00142-74833] UETS |
| | |
| **DAVALI** | : 2- GÜLTEN ÜN -56227031174  Gayrettepe Mah. Hattat Halim Sk. No:3 İç Kapı No:20  Beşiktaş/ İSTANBUL |
| **VEKİLİ** | : Av. NAZLI TUBA ÇATI - [16003-00142-74833] UETS |
| **FERİ MÜDAHİL/(LAR)** | : MÜ-YAP BAĞLANTILI HAK SAHİBİ FONOGRAM YAPIMCILARI MESLEK BİRLİĞİ -  -Kuloğlu, Turnacıbaşı Cd. No:10, 34433 Beyoğlu/ İSTANBUL |
| **VEKİLİ** | : Av. ECEM EYLÜL ENGİN |
| | : Av. HAYATİ ŞAHİN |
| | |
| **DAVA** | : Fikir Ve Sanat Sanat Eseri Sahipliğinden Kaynaklanan Haklara Tecavüzün Refi, Önlenmesi Ve Tazmini |
| **DAVA TARİHİ** | : 05/01/2023 |
| **KARAR TARİHİ** | : 26/06/2024 |
| **GEREKÇELİ KARARIN** | |
| **YAZILDIĞI TARİH** | : 26/06/2024 |

Mahkememizde görülmekte bulunan  Fikir Ve Sanat Sanat Eseri Sahipliğinden Kaynaklanan Haklara Tecavüzün Refi, Önlenmesi Ve Tazmini davasının yapılan açık yargılamasının sonunda, dosyanın  işlemden kaldırıldığı 13/03/2024  tarihten itibaren üç aylık yasal süre içinde yenilenmediği anlaşıldığından davanın açılmamış sayılmasına dair aşağıda belirtili şekilde hüküm tesis edilmiştir.

**HÜKÜM:**

1-Mahkememizin 13/03/2024  tarihli duruşmasında taraflar tarafından takipsiz bırakılan dava müracata kalmış ve aradan üç ayı aşkın bir zaman geçtiğinden davanın H.M,K.'nın 150. maddesi uyarınca DAVANIN  AÇILMAMIŞ SAYILMASINA,

1/2



2- 427,60 TL ilam harcının 179,90 TL peşin harçtan mahsubu ile eksik kalan  247,70 TL harcın davacıdan tahsili ile hazineye irat kaydına,

3-Avukatlık ücret tarifesi uyarınca 25.500 TL vekalet ücretinin davacıdan tahsili ile açılmamış sayılma kararı her iki taraf için de aynı sebebe dayandığından  davalılara eşit olarak ( 12.750'er TL) verilmesine, feri müdahilin davalı sıfatı bulunmadığından hakkında vekalet ücreti takdirine yer olmadığına,

4-Davacı tarafın yapmış olduğu yargılama giderlerinin üzerinde bırakılmasına,

5-Davalı ART RECORDS LLC    tarafından yapılan 158,50 TL yargılama giderinin davacıdan alınarak bahsi geçen davalıya verilmesine,

6-Artan gider avansının karar kesinleştiğinde ve talep halinde taraflara iadesine,

Dair tarafların yokluğunda, gerekçeli kararın taraflara tebliğinden itibaren  2 HAFTA içerisinde İSTİNAF  YASA yolu  açık olmak üzere  karar verildi. 26/06/2024


Katip 229067                                                          Hakim 198627

🎗 e-imzalıdır                                                        🎗 e-imzalıdır

2/2

